## BUFFALO SUPERIOR COURT.

### MARY ANN PALMER, respondent agt. ELIAS W. PALMER, appellant.

In an action to procure *separation* from bed and board, and separate maintenance on the grounds of cruel and inhuman treatment, if the defendant establishes *recrimination* to the satisfaction of the court, the *complaint must be dismissed.* And in such case the court have no authority to decree *alimony,* or support and maintenance to the plaintiff.

*General Term, June,* 1865.

VERPLANCK, *P. J.,* MASTEN *and* CLINTON, *Justices.*

THIS action was brought to procure judgment of separation from bed and board, and the separate maintenance of plaintiff, on the grounds of cruel and inhuman treatment and desertion by defendant. The defendant's answer denied all the allegations of cruel and inhuman treatment, alleged justification in denying plaintiff admission to his

Palmer agt. Palmer.

house. It also, in accordance with the statute, alleged the ill conduct of plaintiff as a defence, and demanded separation, but without alimony or allowance to plaintiff, and that the custody of the two children of the marriage should be awarded to him.

The cause was tried before Justice VERPLANCK, who found, 1st. That defendant had been guilty of the improper treatment alleged in the complaint. 2d. That the defendant had proven to his satisfaction, the ill conduct of the plaintiff; and as conclusions of law, directed that the complaint be dismissed without costs to either party; that the custody of the child Alice be given to plaintiff, and Elias to defendant, and that defendant pay to plaintiff $200 yearly, in quarterly payments, and declaring such allowance a lien on defendant's real estate. From so much of the judgment entered pursuant to said decision on May 8th, 1865, as gave the custody of Alice to the plaintiff and requires the defendant to pay the yearly sum of $200, defendant appealed.

Geo. W. Cothran *and* W. W. Mann, *for appellant.*

I. The court erred in adjudging that the defendant pay to the plaintiff $200 yearly. The statute allows "the defendant in such action to prove, *in his justification*, the ill conduct of the complainant, and on establishing such defence to the satisfaction of the court, *the bill shall be dismissed*" (2 *N. Y. S. at L.* 153, § 53).

The intent and purpose of this statute is, that the ill conduct of the plaintiff shall, when proved, constitute *a defence* to her action for a separation. Not only shall it constitute a defence, but a *justification*, for the ill conduct of the defendant, and this upon the fundamental principle that where plaintiff and defendant are equally in the wrong, the court will not interfere, but leave them as it finds them. When the defendant in an action establishes a defence, it

necessarily follows that the plaintiff *has no cause of action.*
The statute not only declares the ill conduct of the plain-
tiff when proved a defence, but also declares the conse-
quences incident to the establishment of such defence;
" *the bill shall be dismissed.*" And the dismissal of a bill
under this statute, is equivalent to the verdict of a jury
for the defendant, for it goes *to the cause of action,* and not
merely to the action, as it amounts to *a justification.*

When the bill is dismissed, or a verdict rendered for the
defendant, the plaintiff is out of court, and can have no
affirmative relief. To hold that the plaintiff's bill shall be
dismissed, and yet that she shall have judgment in her
favor for affirmative relief, is a solecism. With the dis-
missal of the complaint, the power of the court to adjudi-
cate between the parties to the action ceased.

II. The provision under which the decision excepted to
was rendered is, " although a decree for separation from
bed and board be not made, the court may make such order
or decree for the support and maintenance of the wife and
her children," &c (2 *N. Y. S. at L.* 153, § 53). This pro-
vision has no reference to the case where a defendant has
successfully defended the action. If it has reference to
such case, a defence in any case would be a mere idle
ceremony, not to say an expensive luxury. But it refers
to that class of cases where the plaintiff fails to establish
a case sufficient within the requirements of the statute, to
entitle her to a decree of separation, but yet shows such a
state of things that a court would refuse to consign the
plaintiff to a life of hopeless misery with a bad man, in
which case an allowance to the plaintiff to enable her to
maintain a separate existence would be eminently proper
and humane. This is confidently submitted as the true
interpretation of this section of the statute.

III. The court erred in giving the custody of Alice to
the plaintiff. The plaintiff's complaint having been dis-
missed pursuant to the statute, the rights of the parties

were the same as though no action had been brought. In
that case the father is the natural guardian and custodian
of his children. But the power of the court to adjudicate
upon the custody of the children ceased with the dismissal
of the complaint.

IV. The judgment so far as appealed from, should be
reversed and stricken out.

SPRAGUE & FILLMORE, *for respondent.*

By the court, MASTEN, J. From the pleadings it appears
that the parties were married in June, 1850, and that they
lived together in this city until August, 1863. The com-
plainant in her complaint, protesting her own matrimonial
suavity and fidelity, charges upon the defendant such con-
duct as would entitle her to the judgment prayed for. The
defendant in his answer denies the charges made against
him in the complaint, and protesting his own matrimonial
kindness and fidelity, charges the plaintiff with conduct
that would entitle him to a judgment of separation, for
which he prays. He admits that he ejected the plaintiff
from his house in August, 1863. But if the answer be
true and the plaintiff sane, he was fully justified in so
doing.

The evidence adduced upon the trial is not detailed in the
case. The findings of fact by the court are acquiesced in
by the parties, as justified by the evidence which was given
upon the trial. The statement of the facts found by the
court is in general language, and does not particularize the
facts found. It seems to me that this statement must be
read in connection with the pleadings. It is equivalent to
saying that the criminating matters are substantially true
as alleged in the complaint, and that the recriminating mat-
ters are substantially true as alleged in the answer. The
statement at least shows that the special term found that
the plaintiff was guilty of ill conduct on her part to such

an extent as to justify the defendant, and make out a defence to the action under the statute. The court, for that reason, dismissed the complaint, pursuant to the man-date of the statute. But the court held that it could, nevertheless, dispose of the. custody of the children, and award permanent alimony to the plaintiff, and did so. From the judgment dismissing the complaint, neither party has appealed. The defendant has appealed from that part of the judgment which disposes of the custody of the children, and awards permanent alimony to the plaintiff.

In England matrimonial causes are heard in the ecclesi-astical courts. Neither chancery nor the law courts have jurisdiction of them. Ecclesiastical courts were not estab-lished in the colony of New York, nor have any been since that colony became a state. The courts of this state have jurisdiction over matrimonial causes only by virtue of the statute (*Burtis* agt. *Burtis, Hop. Ch. R.* 537). Even if it be conceded that the ecclesiastical law of England, so far as it affects civil rights was no part of the common law of this state, yet when the legislature invested the courts of this state with jurisdiction of matrimonial causes in cer-tain cases, it must be presumed that it intended that the jurisdiction should be exercised according to those princi-ples of law applicable to them which prevail in the country from which we take the great body of our law, and which are in harmony with the general spirit of our laws and the policy of our government. It is a well settled principle of law, aside from legislative enactment, that the plaintiff must come into court with a clean conscience, and that if the plaintiff has been guilty of a like violation of matri-monial duties as that of which the plaintiff complains, the complaint will be dismissed (*Bishop on Divorce*, §§ 388, 491, 524).

In 1787 the legislature conferred upon the court of chan cery the power to grant divorces for adultery. This act was substantially re-enacted in the revision of 1813, and

Palmer agt. Palmer.

the additional power was given to chancery to make in certain specified cases, a decree for separation from bed and board. This statute was re-enacted in the revision of 1830. The statute of 1830 contains the following provisions :

" § 53. The defendant in any such suit (for separation) may prove in his *justification* the ill conduct of the complainant, and on establishing such *defence* to the satisfaction of the court *the bill shall be dismissed.*

§ 55. Although a decree for separation from bed and board be not made, the court may make such order or decree for the support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as the nature of the case renders suitable and proper " (2 *R. S.* 147, §§ 53, 55).

These provisions are in the statutes of 1813, but not in the same order. The 11th section of the act of 1813, authorized chancery in certain specified cases to decree a separation from bed and board, and then in that section followed the provisions constituting the 55th section of the act of 1830. The 13th section of the act of 1813, is substantially the same as the 53d section of the act of 1830 (2 *R. S.* 200, §§ 11, 13). I do not think that any alteration of the intent or meaning of the act of 1813 was made or intended to be by this division or transposition of its sections in the act of 1830. The 13th section of the act of 1813, re-enacted in 1830, was declaratory of the law of recrimination to which I have alluded. The weight of authority seems to be that no court in England can grant to the wife alimony as a permanent allowance, or separate maintenance, except as an incident to some other relief (*Bishop on Divorce*, § 550, &c). No court in this state had original jurisdiction to give to the wife a separate maintenance (*Codd* agt. *Codd*, 2 *J. Ch. R.* 141).

The object of that part of the 11th section of the act of 1813, re-enacted by the 55th section of the act of 1830,

Palmer agt. Palmer.

was to confer this power upon chancery, to be exercised in suitable and proper cases. But I think that the statute, by making it obligatory upon the court to dismiss the bill when the defendant has established recrimination to the satisfaction of the court, has declared that such is not a suitable and proper case in which to make an order or decree for support and maintenance. The use of the well understood words in the law, "justification," "defence," "the bill shall be dismissed," satisfies my mind that the legislature in such case intended that the complainant should be turned out of court. I think it would be against sound policy to decree support and maintenance of the wife by the husband on the ground of his ill conduct to her, when such conduct was justified by the ill conduct of the wife to him. It certainly would not admonish her to observe her matrimonial duties.

In some of our sister states the courts divorce the husband from the guilty wife, and at the same time decree support and maintenance to the wife out of the property of the husband. Those decrees are made under the peculiar statutes of those states, some of which it would seem make it imperative upon the courts to make provision for the guilty wife out of the estate of the innocent husband (*Bishop on Divorce*, § 565). No such power is possessed by the courts of this state (*Perry* agt. *Perry*, 2 *Barb. Ch. R.* 311). I do not think that it is necessary to bring the case within the 53d section of the statute, that the ill conduct of the complainant should be sufficient to amount to recrimination, as I have stated it. It is sufficient if the ill conduct of the complainant causes the cruelty or abandonment on the part of the defendant, if the acts on the part of the defendant were not so disproportionate to those on the part of the complainant, as to render them wholly unjustifiable (*Bishop on Divorce*, §§ 491, 553).

The judgment so far as appealed from should be reversed. Judgment accordingly.