*TAYLOR & AL. vs. KNOX & AL.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

A sale of property by a debtor who has not sufficient means to pay all his debts, made to one set of creditors, will be considered in *fraud* of the rights of the remaining creditors, and will be annulled and set aside, though made in ignorance on the part of the vendees, as to approaching insolvency, and in all other respects executed with the utmost good faith.

The plaintiffs Ryan, Taylor and Evans were judgment creditors of one Thomas S. Saul, then cashier of the Branch Bank of Louisiana at Opelousas, to the amount of $ 761 64. for amount of judgments obtained at the November term 1828, of the District Court of the Parish of St. Landry.

On the 1st. of October 1828, Saul being much indebted conveyed to the defendants W. G. Knox, Robert Rogers, Joseph Andrew, Robert Taylor, Geo. King, and William Simons, who were his securities as cashier of the bank, and which claimed a large sum from Saul and his securities, on account of an alledged *deficit* of said cashier, by authentic act, eleven slaves to indemnify his securities against any defalcation that might be recovered against them. The plaintiffs alledge that as they were creditors of Saul at the time this conveyance was made, it is fraudulent and void as to them, being made on the eve of bankruptcy, to secure one set of creditors to the prejudices of others. They pray that the sale may be declared fraudulent as to them, annulled and set aside, and the property seized and sold to satisfy their claims : or

that the defendants be condemned jointly and severally to pay the amount of their judgments against Saul.

The defendants plead a general denial; and further, that they became the securities of Saul, as cashier of the bank at Opelousas, and as such, had been sued by the bank for an alleged deficit of said cashier to the amount of $15,000 and that to secure them against loss as far as possible, in the event of a recovery against them by the bank, they had received the slaves in contest, and delivered over the proceeds to the bank on behalf of said sale. They denied that he was insolvent at the time of the sale to them, or since, and that they had no knowledge of any bankruptcy on his part.

There was judgment for the plaintiffs—given in the alternative—to deliver up sufficient of the conveyed property, within 60 days, to satisfy the two judgments of the plaintiffs, amounting to $533.55—and all interest and costs which had accrued : or that in default, they should jointly and severally be condemned to pay the same out of their own property.

It was clearly proved that Saul owed more debts than his property was sufficient to pay, on the 1st. of October 1828, when the sale and conveyance of the slaves in question was made to the defendants. He had never made a surrender of his property for the benefit of his creditors, but soon after the conveyance and sale aforesaid, absconded to avoid a criminal prosecution for embezzlement of the funds of the Bank. On this state of fact, the cause proceeded.

*Lewis and Brownson* for plaintiffs, made the following points to the Court—viz :

1 That a contract made by one creditor of a person in insolvent circumstances, which gives him a preference over the other creditors, is in law *fraudulent* and *void*.—L. Code 1965. 1981—83.

2. The property of the debtor is the common pledge of

C

Western District.
September, 1830.

TAYLOR & AL.
vs.
KNOX & AL.

his creditors.   The plaintiffs shew the amount of debts—the defendants must shew sufficient property to meet them—La. Code. 1965. 1980 1981 1983. 4 Mar. N. S. 649. 2 ib. 61. session acts of 1817 p. 136 and 24.

3. The verdict of the jury being for the plaintiffs, the judgment must be that they recover of the defendants the *whole amount* of their debts, to be made out of the property fraudulently acquired from the debtor.—La. Code 1972.

4. That this Court will not set aside a verdict where the question is *fraud,* unless it be clearly contrary to *law* and *evidence,* which is not the case here.—5 Mar. N. S. 73—6 ibid. 337. 3 ibid. 155. 1. ibid. 177.

*Bowen* and *Simon* for the defendants.

1. Saul had property enough to pay all the debts he owed at the period of this sale to the defendants, except the alleged defalcation to the Bank ; and sufficient without the negroes, the sale of which was intended to make good the Bank deficit whenever it shall be ascertained.   In this case Saul had a right to dispose of his property.   La. Code, 1973—1979—1983.   See also West's case, Mar. N. S.

2. The Bank being the one about to be benefitted by the sale of the negroes, should have been made a party to this suit.

*Mathews J.* delivered the opinion of the Court.

This is a suit instituted by some of the creditors of Thomas S. Saul, (whom they allege to be in insolvent circumstances) against the defendants for the purpose of causing to be set aside and annulled, a sale and transfer of certain property to them, as described in the act, on the ground of being in fraud of the rights of the plaintiffs.

The cause was submitted to a jury in the court below, who found a verdict for the plaintiffs, and judgment being therein rendered, the defendant appealed.

A sale of property by a debtor who has not sufficient   The action is founded on the article 1965 of the Louisiana Code and some subsequent articles.   The judgment

of the District Court appears to us to be in pursuance of these laws; and the verdict of the jury not to contravene the testimony on which it is passed.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs, &c.

means to pay all his debts, made to one set of creditors, will be considered in *fraud* of the rights of the remaining creditors, and will be annulled and set aside, tho' made in ignorance on the part of the vendee, as to approaching insolvency, and in all other respects executed with the utmost good faith.