HEMPKIN *vs.* BOWMAR ET AL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE DISTRICT PRESIDING.

Where an attorney at law appears for and represents an absentee, in all the proceedings in a suit, he will be presumed to have acted throughout with full authority from his client.

Every act done by a debtor with the intent of depriving his creditor of the eventual right he has on the property of the former, is illegal, and, as respects such creditor, ought to be avoided.

In the revocatory action to set aside a mortgage, made in fraud of creditors, it is not necessary to prove that the mortgagee was aware of the debtor's insolvency ; proof of fraud against the mortgage as giving a preference, and the injury resulting to other creditors, *is sufficient.*

This is an action on a promissory note, signed by defendant, Bowmar, for four thousand dollars, in which the plaintiff prayed for judgment ; and also for an injunction to arrest an order of seizure and sale, obtained by Charles S. Abercrombie, of Natchez, against all the property of Bowmar, on his mortgage, to secure the sum of ten thousand one hundred and thirty-five dollars. The plaintiff alleges, that this mortgage was executed by Bowmar on the eve of insolvency, and to give an unjust preference to one creditor over others, and with the intention to defraud him and other creditors ; that the mortgage is given on the plantation, slaves and all the stock and utensils of every kind, to cover the property from the just demands of creditors. He further states, that Abercrombie's debt is feigned and simulated, made without consideration, or any real debt due or owing by Bowmar to Abercrombie. He prays that Abercrombie's seizure be restrained by injunction, and that he have judgment for the amount of his demand against Bowmar ; and that the mortgage be annulled, and the property made subject to the payment of his judgment.

Abercrombie appeared by counsel, and filed a motion to dissolve the injunction on various grounds set forth.

On hearing the motion, there was judgment dissolving the injunction with damages, but the order of seizure was however held up for another suit. There was no appeal from this judgment. Bowmar now put in an answer, and pleaded a general denial. He avers, that he is justly indebted to Abercrombie in a larger sum than that mentioned in the mortgage, for moneys advanced and payments assumed, which he sets forth. He denies all fraud, and avers, that the mortgage was given in good faith before the plaintiff's cause of action accrued, and to secure a just debt. He further avers, that the allegations in the petition charging him with insolvency and fraud, and that Abercrombie knew of it at the time of the execution of the mortgage, are false and unfounded; intended to vex and harass him and put him to trouble and expense; for which he pray's judgment for damages in reconvention.

Upon this answer being put in and the issue joined, there was testimony taken to establish Bowmar's insolvency, and the fraudulent character of the mortgage, before any appearance of Abercrombie; and without proceeding to try the action to annul the mortgage, the plaintiff took judgment against Bowmar for the amount of the note, and another claim amounting in all to four thousand five hundred and six dollars, and the case was continued as to the mortgage.

After this judgment, and the injunction having been previously dissolved, the attorney and *curator ad hoc* of Abercrombie, appeared and moved to dismiss the suit as to him, as he was no longer in court after the dissolution of the injunction; that any further proceedings would be in the nature of a personal action, and illegal, because his residence was in another state. That the appointment of a curator *ad hoc*, was unauthorized, as it was not asked or prayed for by the plaintiff.

The motion to dismiss was overruled, and an answer was filed by R. F. M'Guire, Esq., as the attorney of Abercrombie, alleging an agreement between the plaintiff and Bowmar to dismiss the suit as to this defendant, and he prayed that it be dismissed accordingly.

There was a mass of testimony taken and submitted to the jury in relation to the validity of the mortgage, from all of which the jury made up a verdict for the plaintiff. Judgment was rendered accordingly, annulling the mortgage, and decreeing Abercrombie to deliver up the property mortgaged, in satisfaction of said judgment, or pay the plaintiff's demand within sixty days, and he appealed.

*Downs*, for the plaintiff, said the only question before the court was in relation to the validity of the mortgage. The judgment dissolving the injunction is not before the court. The evidence is conclusive, to show that Abercrombie knew of the insolvency of Bowmar at the time of executing the mortgage.

2. The law is clear, that a preference cannot be given to creditors by an insolvent debtor ; and that any such contract, or act giving this preference can be annulled at the suit of a creditor. *Louisiana Code, article* 1965 to 1981. *2 Louisiana Reports,* 18. *4 Idem.*, 248, 649. *11 Idem.*, 520, 538, 541.

3. Fraud is presumed in cases of insolvency, when the preference is given to a creditor by the debtor. The mortgage was therefore properly annulled, and judgment should be affirmed. *Louisiana Code,* 1842. *1 Louisiana Reports,* 502. *6 Idem.*, 82.

*Dunbar*, for the defendant and appellant, contended that as soon as the injunction was dissolved, Abercrombie was out of court. It was final between the parties and is unappealed from. Abercrombie was only brought before the court by the opposition and injunction against his order of seizure and sale. The moment the contest was decided, he was no longer before the court, and the judgment now appealed from could not have been legally rendered as to him. There was, in fact, no issue to try, and the judgment should, therefore, be reversed ; and one given for the defendant.

*M'Guire*, on the same side, went fully into the merits of the case :    He contended, that no creditor can sue individu-

ally to annul any contract made before the time his debt accrued. *Louisiana Code*, 1988. In this case, the note upon which the plaintiff brings suit, bears date 5th June, 1837. It is true, it expresses to be for an anterior debt, but that declaration does not make evidence against third parties; and being an act under private signature, has no date against third parties until it was filed in this suit, on the 28th August, 1837. Any other rule would enable a mortgagor to collude with a third party, and defraud his mortgagee. In this case, the mortgage was made on the 18th May, 1837, by authentic act, in the parish of Concordia; the mortgagee being in Mississippi, having full confidence in the mortgagor entrusts him with a copy of the mortgage, to be by him filed in the office of the parish judge, for the parish of Ouachita, where the latter resided, and the property situated; he violates that trust, until the 8th July, 1837; and in the meantime, on the 5th June, 1837, executes the note sued upon, containing a clause to give it the appearance of being evidence of the previous existence of a debt. This latter point is not proved. There is no testimony to prove the fact except the note itself. It is true, that defendant, Bowmar, by not denying has admitted his signature to the note, but this makes no evidence as to the date of the note. Bowmar might, however, have been a witness to prove the state of his affairs. *Louisiana Code*, 1980, but not to prove any other fact.

2. In this case, so far from Abercrombie knowing that Bowmar was in insolvent circumstances, it is proven that he did not know it; yet he did not take a title to the property, but only a mortgage upon it, he was proceeding to sell it at public sale, whereby if he had bought, he would have paid a just price for it.

3. The plaintiff has not adduced any evidence, tending to show that the debt from Bowmar to Abercrombie, as evidenced by the note and mortgage, was not really a just debt; without bad faith in Abercrombie, as well as Bowmar, the mortgage could not be annulled. *Louisiana Code*, 1976. Few persons would take a mortgage if they were certain of being paid, yet the taking of a mortgage, does not prove that

the mortgagee knew the mortgagor was insolvent. 4 *Louisiana Reports*, 251.

4. The judgment of the court below, cancels the whole mortgage, when it should have been only as to its effect upon the complaining creditor. *Louisiana Code*, 1972; and should be amended according to that article.

*Simon, J.*, delivered the opinion of the court.

Plaintiff alleges, that he is a creditor of the defendant Bowmar, in the sum of three thousand five hundred and six dollars, on a note or due bill; that after said debt had become due and demandable, said Bowmar, being in insolvent circumstances, fraudulently acknowledged himself to owe to the defendant, Abercrombie, the sum of ten thousand one hundred and thirty-five dollars, to secure which he executed, in favor of said Abercrombie, a conventional mortgage on his property; by virtue of which, an executory process having issued, all the property mortgaged was seized and advertised for sale, to satisfy the pretended and simulated claim of Abercrombie; he further states that said acknowledgment and mortgage, were made for the purpose of defrauding Bowmar's creditors, and placing his property out of their reach and pursuit. He prays for judgment against Bowmar, for the amount of the note sued on, that Abercrombie be also cited in the same suit; that the note and mortgage consented to by Bowmar in favor of Abercrombie, be cancelled and avoided, as fraudulent and simulated, and that an injunction do issue in order to preserve the property seized, until the final deposition of the case, &c., &c. Plaintiff afterwards amended his petition, and prayed judgment against Bowmar for the additional sum of one thousand dollars.

The first step taken in the cause by defendant, was to move for the dissolution of the injunction on certain grounds by them filed; which motion was sustained by the district judge, who dissolved said injunction, and condemned the plaintiff to pay to the defendant Abercrombie, ten per cent. damages on the amount of the judgment enjoined, and two hundred

WESTERN DIST. October, 1840.

HEMPKIN vs. BOWMAR ET AL.

dollars special damages. The District Court afterwards rendered judgment in favor of the plaintiff, against Bowmar, for four thousand five hundred and six dollars; and the defendant, Abercrombie, having filed certain exceptions to the plaintiff's petition, and an answer to the merits, in which he pleads the general issue, and a special agreement to dismiss the action, the case was tried before a jury, who returned a verdict in favor of the plaintiff, annulling and setting aside the note and contract of mortgage ; and the defendants having in vain attempted to obtain a new trial, the District Court rendered judgment in conformity with the verdict; from which judgment, the defendant, Abercrombie, took the present appeal.

However erroneous may have been the judgment of the lower court, dissolving the injunction and mulcting the plaintiff in heavy damages, we are now precluded from affording him any relief, as he did not appeal from said judgment in due time, nor did he pray in his answer that it be amended or reversed.

A question was raised in the argument, in relation to the right of R. F. M'Guire, Esq., to have represented the defendant, Abercrombie, before the District Court ; and it was suggested that said defendant, being an absentee, ought to have been represented by a curator *ad hoc;* that Mr. M'Guire had never been appointed as such ; that when he appeared for the appellant, he was under the impression that he had been so appointed, and that, therefore, said appellant is not bound by the proceedings and judgment appealed from. On examining the record, we have found that R. F. M'Guire, Esq., as the attorney at law of Abercrombie, obtained the order of seizure and sale, which was afterwards enjoined ; that after the injunction was issued, he filed and signed the exceptions thereto as the attorney of the appellant, and as such obtained the judgment for damages against plaintiff. It is true, he subscribed the exceptions to the petition, as curator *ad hoc* ; but the answer to the merits, the motion for a new trial, the petition of appeal, and the appeal bond, are all signed by

*Where an attorney at law appears for and represents an absentee, in all the proceedings in a suit, he will be presumed to have acted throughout with full authority from his client.*

him as the attorney of the appellant; and we are bound to presume that he acted from the beginning as he is yet acting, as the attorney at law of the defendant, Abercrombie, with full authority from his client.

The present action is based on the *articles* 1964–65, and subsequent articles of the *Louisiana Code*; and on the well recognized principle, that every act done by a debtor with the intent of depriving his creditor of the eventual right he has upon the property of such debtor, is illegal, and ought, as respects such creditor, to be avoided. 11 *Louisiana Reports*, 221. According to those laws, two sorts of fraudulent contracts made to the prejudice of creditors, whilst their debtor is in insolvent circumstances, can be attacked by any one of them. 1st. Whenever, on the eve of bankruptcy, preference is given to one creditor over the others, and 2nd, when the contract, made without consideration, is absolutely fraudulent and simulated. In this case, the principal ground of complaint on the part of the plaintiff, is not only that the appellant obtained an undue preference over said plaintiff, but that the note and mortgage were contracted with the view of defrauding Bowmar's creditors, and that the whole transaction was fraudulent and simulated. The plaintiff relies particularly on the articles of the Code above quoted, and also on the cases reported in 4 *Martin, N. S.*, 649. 2 *Louisiona Reports*, 18. 4 *Idem.*, 248. 11 *Idem.*, 521. The evidence found in the record, shows that Bowmar executed the note and mortgage in favor of the appellant, in May, 1837, and Bowmar himself appears to have caused the act to be recorded in the parish of Ouachita; the debt fell due on the 20th of July following, the note was protested on the same day, and, without waiting for any length of time to elapse, an order of seizure and sale was obtained on the 24th of the same month. Bowmar owed a great many debts at the time he executed the mortgage, and among others, the claim on which plaintiff obtained judgment against him; and although it is not perhaps satisfactorily proven that the appellant knew, at the time, that he was in insolvent circumstances, this may perhaps be inferred from the general facts

*Margin notes:*

WESTERN DIST.
*October,* 1840.

HEMPKIN
*vs.*
BOWMAR ET AL.
Every act done by a debtor with the intent of depriving his creditor of the eventual right he has on the property of the former, is illegal, and as respects such creditor ought to be avoided.

In the revocatory action to set aside a mortgage, made in fraud of creditors, it is not necessary to prove that the mortgagee was aware

WESTERN DIST. of the case ; however, as the act of mortgage is here attacked
October, 1840. as *fraudulent* and *simulated*, we are not disposed to say that
BRANDER ET AL. it was necessary to prove, in a positive manner, that the appel-
*vs.* lant was aware of the debtor's being on the eve of bankruptcy ;
BOWMAR AND ABERCROMBIE. proof of the absolute fraud alleged against the act, and of
of the debtor's the injury resulting therefrom, are the legal requisites to
insolvency ; proof of fraud maintain that action, *Louisiana Code*, 1973 ; and as these
against the mortgage as giv- facts were left to the jury, we are unable to say that they
ing a preference and the injury came to an incorrect conclusion in declaring that the trans-
resulting to other creditors action, between the two defendants, was fraudulent and
is sufficient. simulated.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.