## STOCKTON ICE CO. v. ARGONAUT LAND AND DEVELOPMENT COMPANY.

### Sac. No. 462; March 31, 1899.

#### 56 Pac. 885.

**Agency—Revocation.—Liabilities Incurred by an Agent on** behalf of his principal after the termination of the agency, in favor of one having no notice of the revocation of the agency, are binding on the principal, though he never ratified the agent's act.

**Appeal.—Findings on Conflicting Evidence will not be disturbed,** though the appellate court differs with the trial court as to the weight of the evidence.[1]

APPEAL from Superior Court, San Joaquin County.

Action by the Stockton Ice Company against the Argonaut Land and Development Company. From a judgment for plaintiff and from an order denying a new trial defendant appeals. Affirmed.

James A. Louttit for appellant; Dudley & Buck for respondent.

HAYNES, C.—Both parties are corporations. The action is for coal sold and delivered to appellant, and for freight

---

[1] Cited with other cases in Sewell v. Hatcher, 6 Ariz. 322, 57 Pac. 610, as showing that the tendency of appellate courts still is to honor verdicts and findings on conflicting evidence.

paid and advanced by plaintiff for the defendant, all at its request. The plaintiff had judgment, and defendant appeals therefrom, and also from an order denying a new trial. No question is made but that the findings are sufficient to support the judgment, but it is contended that the evidence does not justify the findings, and this is the only question presented.

The principal controversy was as to the authority of Mr. Fairbrother to incur the indebtedness for the defendant corporation. It appears from the evidence that, prior to the transactions here in question, Fairbrother had been the duly authorized agent of the defendant, and at various times purchased coal, as such agent, from the plaintiff, to an amount exceeding $1,700, for all of which the defendant paid. It is claimed by the defendant, however, that his agency had ceased before the transactions here in question took place. To this contention the plaintiff replied that, whether his authority had in fact ceased or not, he continued to act as such agent as before, and that plaintiff had no notice of the revocation of the agency. If this be true, it is immaterial whether the defendant did or did not subsequently ratify Fairbrother's acts in incurring these liabilities. All the liabilities sued upon were such as the corporation defendant could properly incur, and hence the only question was whether Fairbrother was the agent, actual or ostensible, of the defendant. The evidence was conflicting, but quite sufficient to justify the findings. The facts were for the trial court to determine, and, even if we differed with that court as to the weight of the evidence, we could not disturb its action. The judgment and order appealed from should be affirmed.

We concur: Chipman, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.