# M. Perrine et al. *v.* John Jermyn, Appellant.

163  497
163  503

*Principal and agent—Sale—Evidence—Revocation of agency.*

Where a dealer has been in the habit of selling goods to an agent, notice of the revocation of the agency may be shown by a written or oral communication from the principal or agent, or by circumstances and a course of dealing incompatible with the want of it. In either case if the evidence as to the notice of revocation is conflicting, the question is for the jury.

A dealer was in the habit of selling liquors to a hotel which was managed by the owner's agent. The agent leased the hotel from the owner, and he continued to receive liquors from plaintiff. He testified that shortly before the date of the lease he notified plaintiff's agent of the change. A few bills were offered in evidence in which the goods were charged to the agent individually, but it was not shown that these were all the bills sent to him after the lease began. A few checks drawn by the agent individually in favor of plaintiff after the lease began were also offered in evidence, but it did not appear that these checks were all of the checks received by plaintiffs after the date of the lease. The agent testified that after he leased the hotel he procured a new register on which he appeared as proprietor, but he admitted that he used the old register after that time. Plaintiff's agent denied that he ever received any notice of the lease. *Held,* that the question of the liability of the owner of the hotel for the goods delivered after the date of the lease, was for the jury.

Argued Feb. 20, 1894. Appeal, No. 149, July T., 1893, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1890, No. 92, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for goods sold, etc. Before ARCHBALD, P. J.

At the trial it appeared that on April 1, 1888, defendant, who owned a hotel in the city of Scranton, known as the Westminster, made a contract with J. J. Curt to manage it for one year. Curt leased the hotel before April 1, 1889, and on that day became proprietor and conducted the business from that time until September, 1890. He purchased liquors of plaintiffs during 1888, and until April 1, 1889, as manager, and the bills therefor were rendered and subsequently paid. The goods were charged on plaintiffs' books " J. J. Curt, Manager." Curt testified that he told plaintiffs' salesman in March, 1888, that he would take the hotel as proprietor after April 1, 1889. Plaintiffs' salesman denied that he had received any such no-

tice. The circumstantial evidence relating to the change of proprietorship is stated in the opinion of the Supreme Court.

The court charged in part as follows:

" [When parties begin as the plaintiffs did here, dealing with another as agent for a third party, and trusting to the responsibility of that third party, trusting to the responsibility of the principal and not of the agent, they have the right to presume, without some notice is brought home to them, that such condition of things continues, and when they deal with the same concern they may fairly presume, until they have been notified, that they are dealing with exactly the same party. These plaintiffs therefore began to deal with Mr. Curt, the manager of that hotel, and being notified that he was managing the hotel for Mr. Jermyn, had the right to consider, until they were notified to the contrary, that the hotel was still running in the interest of Mr. Jermyn, and that Mr. Curt was merely his agent or manager.] [1] . . . .

" [It is further claimed on the part of the defendant that after the first of April, 1889, Mr. Curt made payments to the plaintiffs by checks sent by himself, individually, and not with the addition of the word manager. Of course, that is merely a circumstance, because when we are getting paid for a thing we very rarely question how the pay comes so long as it is a payment, and if these checks that were sent them did not have the word added, and were paid, it would carry very little notice home to the plaintiffs that there had been any change; still, I admit the evidence, because it is a circumstance to be taken into consideration in connection with the other circumstances of the case, all tending to this, which is the question before you: Did the plaintiffs have notice of the change? The whole case is brought down to that question: Did the plaintiffs have notice of the change? If they did have notice, then the defendant is not liable; if they did not have notice, then the defendant is liable.] [2] . . . .

" [I will add that it is upon the defendant to satisfy you by the weight of the evidence that this notice was given, because we start out with a notice to the plaintiffs the other way. We start out with a notice to them that Mr. Curt is in there merely as an agent for Mr. Jermyn, and that Mr. Jermyn is the responsible head, and therefore as I said to you, the plaintiffs had the

right, in selling to that hotel, to consider that that condition of things existed until they were notified to the contrary, and therefore the defendant, in seeking to escape liability for this bill, must satisfy you by the weight of the evidence that notice was given. If you are satisfied by the weight of the evidence, the defendant goes clear; if you are not satisfied by the weight of the evidence, the defendant is liable.] " [3]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1–3) instructions as above, quoting them.

*Samuel B. Price*, for appellant.—A party who wishes to avail himself of the acts of an agent must, in order to charge the principal, prove the authority under which the agent acted: Hays v. Lynn, 7 Watts, 524; Moore's Ex'rs v. Patterson, 28 Pa. 505; B. & O. Relief Assn. v. Post, 122 Pa. 597; Mechem on Agency, §§ 289, 290; Wharton on Agency, § 137; Stephenson v. Grim, 100 Pa. 70; 2 Kent's Com. 858.

A revocation of agency by the principal need not be expressed in words. It may be implied from his acts: 1 A. & E. Ency. L. 444; 16 Ib. 790, and notes; Mechem on Agency, §§ 219, 228, 724; Deford v. Reynolds, 36 Pa. 334.

*Everett Warren, E. N. Willard* and *Henry Knapp* with him, for appellees.—The judge's charge is a correct statement of the law governing such cases, and is fully borne out by an abundance of authority and precedent: Mechem on Agency, § 224; Wharton on Agency, § 111; Parsons on Contracts, 74; Claflin v. Lenheim, 66 N. Y. 301; Fellows v. Steamboat Co., 38 Conn. 197; Tier v. Lampson, 35 Vt. 179; s. c., 82 Am. Dec. 634 and note; Capen v. Ins. Co., 1 Dutch. 67; s. c., 64 Am. Dec. 412; Van Dusen v. Mining Co., 36 Cal. 571; s. c., 95 Am. Dec. 209; Diversy v. Kellogg, 44 Ill. 114; s. c., 92 Am. Dec. 154; Barkley v. R. R., 71 N. Y. 205; McNeilly v. Ins. Co., 66 N. Y. 25.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894:

It was shown on the trial, and not disputed, that from April 1, 1888, to April 1, 1889, Joseph Curt managed the Westminster hotel in Scranton as agent for the defendant, who was

the owner of it, and that on the last mentioned date he leased the property and thereafter conducted the business on his own account. The plaintiffs in June, 1888, with knowledge of the capacity in which he was then acting, sold goods for the hotel on his order, and continued to do so, from time to time, up to and including the 6th of August, 1890. All the goods were shipped, and charged on their books, to Joseph Curt, manager. It is admitted that the payments made on account of the goods so sold and delivered are sufficient to pay for the goods sold before April 1, 1889, and therefore this action appears to be for goods sold after that time. This showing made a prima facie case for the plaintiffs for the balance of their account. But the defendant contended and introduced evidence to show that the sales made after April 1, 1889, were with notice to the plaintiffs that the relations between him and Curt were changed and that the latter was then acting for himself only. In support of this contention Curt testified that he told plaintiffs' agent, on the 22d of March, 1889, that he had leased the property from the first of April and would have to be answerable for all bills that were unpaid. He produced a number of bills made out and sent to him by the plaintiffs, some of which were for goods sold before, and some for goods sold after April 1, 1889. Those for goods sold before that date were made to Joseph Curt, manager, and those for goods sold after it to Joseph Curt, but it is not pretended that they were all the bills he received from the plaintiffs during the twenty-six months that he purchased goods from them for the hotel. He also presented five checks, drawn by him, individually, in favor of the plaintiffs, but he did not allege that these were the only checks they received from him, on account, or that the others were signed in the same manner. He testified that, after he leased the hotel he procured a new register on which he appeared as proprietor, but he admitted that he used the old register after that time, and did not state how long he used it or when he obtained the new one. The evidence thus summarized constituted the principal reliance of the defendant in his effort to show notice to the plaintiffs, and it was met, in rebuttal, by the testimony of their agent, who positively denied Curt's statement in respect to notice on the 22d of March and distinctly asserted that he did not know of the change in

the relations between Curt and the defendant until some time after the goods were sold. In view of the admitted and established facts we have stated, and of the evidence to which we have referred, the question of notice was clearly for the jury. Was the evidence fairly presented to them and were they correctly instructed in the law of the case? We think there is no reasonable ground on which to base a negative answer to the first branch of this inquiry. As to the second branch of it there is very little, if any, room for contention. The learned judge charged the jury that the burden was on the defendant to show notice to the plaintiffs of the termination of the agency, and if they found the plaintiffs had such notice their verdict should be for the defendant. He called their attention to all matters bearing upon the question and fairly left it to them to find the fact upon a consideration of all the evidence. We think there was nothing objectionable in this. The fact to be ascertained was whether the plaintiffs knew that the agency was determined before they sold the goods in question, and this the jury were to find from the testimony. Notice of the revocation of an agency may be shown by a written or oral communication from the principal or agent, or by circumstances and a course of dealing incompatible with the want of it. In either case, if the evidence is conflicting, the jury must decide the question: Deford v. Reynolds, 36 Pa. 325.

In accordance with these views we overrule the specifications of error.

Judgment affirmed.

*Principal and agent—Sale—Evidence—Revocation of agency.*

