(December 9, 1899.)

## FOX v. ROGERS.

[59 Pac. 538.]

NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL—TIME FOR FILING.—An appeal from an order denying a new trial will be dismissed when it is shown that the notice of intention to move for a new trial was not filed and served upon the adverse party within ten days after the verdict as required by statute.

COMMINGLING CAUSES OF ACTION IN SAME COUNTY—DEMURRER—MOTION TO STRIKE.—The commingling of several causes of action in one count of the complaint is prohibited by the code, but such commingling is not ground for demurrers, the remedy in such case being by motion to elect, and strike out.

CHECK—PRESUMPTIONS.—The law presumes that the drawer of a check has funds in the hands of the drawee to satisfy the check.

ALLEGATIONS OF COMPLAINT—PRESENTMENT OF CHECKS.—A complaint, seeking judgment upon certain checks, averred facts showing that the payee received the checks in a county adjoining the one in which the drawer was doing business, sixteen days before the drawer failed and became insolvent, but did not allege presentment or any fact excusing presentment, or any fact showing reasonable effort to present such checks. *Held*, on general demurrer that said complaint did not state a cause of action.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

Milton A. Brown and Hawley & Puckett, for Appellant.

We fail to find in the complaint an allegation that plaintiff made due presentment, or any presentment, of the checks in question to the bank upon which they were drawn, and for that reason alone, even if our other positions are not well taken, the complaint fails to state a cause of action against defendant. (Daniel on Negotiable Instruments, sec. 1586; Tiedeman on Commercial Paper, sec. 443; *Smith v. Janes,* 20 Wend. 192, 32 Am. Dec. 527; *Middleton Bank v. Morris,* 28 Barb. 616; *Simpson v. Pacific etc. Ins. Co.,* 44 Cal. 139; *Richie v. Bradshaw,* 5 Cal. 228; *Veasy Bank v. Winn,* 40 Me. 60; *Mohawk Bank v. Broderick,* 10 Wend. 304; Daniel on Negotiable Instruments, 605; Chitty on Bills, 13th Am. ed., 433; Byles on Bills, 7th Am. ed., 211-213; *Phoenix Ins. Co. v. Gray,* 13 Mich. 191; *Adams v. Darby,* 28 Mo. 162, 75 Am. Dec. 115; 5 Am. & Eng. Ency. of Law, 1040 et seq.; *Parker v. Reddick,* 65 Miss. 242, 7 Am. St. Rep. 646, 3 South. 575; *Converse v. Johnson,* 146 Mass. 20, 14 N. E. 925.) The action is based upon four separate checks. Each of these checks constitute a separate cause of action. Under the provisions of section 4144 of the Revised Statutes, these checks can be sued on in one complaint but must be separately stated. Under a statute similar to ours the supreme court of Missouri held that a demurrer should be sustained to a complaint declaring upon two promissory notes in one count. (*McCoy v. Yager,* 34 Mo. 135.)

Alfred A. Fraser, for Respondent.

The transcript does not conform to rules of this court as to the preparation and engrossment of the same, and the appeal should be dismissed. (*Fence v. Lemp,* 4 Idaho, 526, 43 Pac. 75; *State v. O'Donald,* 4 Idaho, 343, 39 Pac. 556; *Hattabaugh v. Vollmer,* 5 Idaho, 23, 46 Pac. 831.) The court cannot consider the action of the trial court in overruling the demurrer, as such action is not assigned as error either in the transcript, statement used on motion for a new trial or in the brief of appellant filed herein. The action of the court in overruling the demurrer was proper. The complaint states that the appellant had no funds in the bank to pay said checks and that before the time for presenting said checks had expired, said bank became insolvent. Under these allegations, it was not necessary to allege presentment before suit brought. (*Wheeler v. Commercial Bank* 5 Idaho, 15, 46 Pac. 830; *Wilmington Bank v. Cooper,* 1 Harr. (Del.) 10; *Dolph v. Rice,* 18 Wis. 397, 86 Am. Dec. 778.) Facts which render presentment and demand of payment unnecessary, may be alleged in lieu of allegations of presentment and demand. (*Cockrill v. Hobson,* 16 Ala. 393; *McDougald v. Rutherford,* 30 Ala. 252; *Brown v. Jones,* 125 Ind. 378, 21 Am. St. Rep. 227, 25 N. E. 452; *Peck v. Schick,* 50 Iowa, 281; *Jaccard v. Anderson,* 32 Mo. 188.) The court cannot review the sufficiency of the evidence to support the judgment, for the reason that the statement set forth in the transcript does not purport to contain all the evidence introduced in the trial court. (*Brown v. Casey,* 22 Pac. 257, 80 Cal. 504.)

QUARLES, J.—This action was commenced in the court below to recover upon four checks drawn by the defendant upon C. Bunting & Co., bankers. The complaint, after entitling court and cause, is in words and figures as follows: "The plaintiff, complaining of the above-named defendant, alleges: 1. That plaintiff and defendant are residents of the county of Custer and state of Idaho, and were, January 29 and 30, 1897, and ever since have been. That on the 30th of January, 1897, said defendant made, executed and delivered to this plaintiff his check in writing, printing, and figures as follows, at the town of Challis, in said state:

" 'No. 504.                    Blackfoot, Idaho, Jan. 29, 1897.

" 'C. Bunting & Co., Bankers:

" 'Pay to the order of J. C. Fox ($100.00) one hundred dollars.

" 'JOSEPH ROGERS.'

"That C. Bunting & Co. were bankers at said date, doing business at Blackfoot, Idaho, which place is one hundred and fifty miles distant from said town of Challis.   That at said time and place he (defendant) made, executed and delivered to this plaintiff his further check, in the same form and manner, as follows:

" 'No. 508.                    Blackfoot, Idaho, Jan. 29, 1897.

" 'C. Bunting & Co., Bankers:

" 'Pay to the order of J. C. Fox ($100.00) one hundred dollars.

" 'JOSEPH ROGERS.'

"And, further, at said time and place, he (defendant) made, executed and delivered to this plaintiff his check, in form and manner as above set forth, as follows:

" 'No. 505.                    Blackfoot, Idaho, Jan. 29, 1897.

" 'C. Bunting & Co., Bankers:

" 'Pay to the order of J. C. Fox ($100.00) one hundred dollars.

" 'JOSEPH ROGERS.'

"That said checks Nos. 504, 505, and 508 were each and all made and delivered by said Joseph Rogers, the defendant, to this plaintiff for full value received.   And plaintiff alleges, further, that the said defendant, at said time and place, made his further check, and delivered the same to this plaintiff, for value received in full, in manner and form as set forth in No. 504, as follows:

" 'No. 506.                    Blackfoot, Idaho, Jan. 29, 1897.

" 'C. Bunting & Co., Bankers:

" 'Pay to the order of J. C. Fox ($100.00) one hundred dollars.

" 'JOSEPH ROGERS.'

"That at said time, and for more than a year prior, this plaintiff was doing his banking business with the First National Bank at Boise City, in the said state, which by the nearest and most direct route, in point of time, by mail, is some four hundred miles, of which one hundred and fifty is by staging. That there is no more speedy way of communicating with Blackfoot than by stages, and Boise City is by rail three hundred and fifty or four hundred miles distant from the town of Blackfoot. Plaintiff further alleges that said defendant, as plaintiff is informed and believes, had, at the date of the execution and delivery of each and all of said checks Nos. 504, 505, 506, and 508, no deposit in said bank of C. Bunting & Co., aforesaid, which he does not now, and ever since and at the time of the execution thereof, claim as his own, without any provision for the payment of said checks, and each and all of them. That at the time of the delivery of said checks to plaintiff by the defendant, and before the legal time for their presentation had expired, the said bankers, C. Bunting & Co., were insolvent, and had refused to do a banking business, and that on the morning of the 15th of February, 1897, they failed; and plaintiff alleges, further, that from said date they have refused and failed to pay any sums excepting by order of the court. That on the 18th or about said day of February, 1897, the plaintiff demanded of defendant the payment of all said checks, which he, said defendant, refused, and ever since said time has so refused. That the plaintiff is the owner and holder of all of said checks, no part of which has been paid, although each and all are due and owing him. Plaintiff alleges, further that a check delivered on the date that these were, each and all of them, and sent by due course of mail, which is the most speedy way of communication between the towns of Challis and Blackfoot, could not and would not have been honored after bank hours on the 12th of February, 1897. Wherefore the plaintiff demands the judgment of this court against said defendant Joseph Rogers for the sum of $400, together with interest from the 30th day of January, 1897.

"R. A. PIERCE,
"Plaintiff's Attorney."

To the complaint the defendant filed the following demurrer: "Comes the defendant, and demurs to the complaint herein, and for grounds of demurrer alleges and shows to the court: 1. That the complaint does not state facts sufficient to constitute a cause of action against this defendant; 2. That several causes of action have been improperly united, in that the causes of action in said complaint are not separately stated and numbered, as required by statute, and the said complaint alleges four causes of action, each arising upon a separate written instrument for the payment of money only: 3. That the said complaint is ambiguous, unintelligible and uncertain, and that it is impossible to learn the amount claimed by plaintiff from the complaint." This demurrer was overruled, and the defendant answered. The case went to trial before the court and a jury, and a verdict for $400 was given and entered October 6, 1898, in favor of plaintiff. The defendant, on October 27, 1898, served and filed notice of intention to move for a new trial. Afterward motion for new trial came on for hearing, and was denied. The defendant thereafter appealed from the judgment and from the order denying a new trial.

The respondent has moved to dismiss both appeals. The motion to dismiss the appeal from the judgment is denied, but sustained as to the order denying a new trial on the ground that the notice of intention to move therefore was not served and filed within ten days after the verdict, as required by section 4441 of the Revised Statutes. This leaves the case before us upon the judgment-roll, and our inquiry is confined to the sufficiency of the complaint.

The third ground of demurrer, that the complaint is uncertain for the reason that the complaint does not show the amount claimed by the plaintiff, is not sustained, as the complaint shows with certainty the amount to be $400.

The second ground of the demurrer, that several causes of action have been misjoined, because four actions are conjoined in one count, and not separately stated, is not well taken. It is improper, under our code, to commingle in the same count of a complaint different causes of action, as was done in the case at bar; yet such commingling is not ground for demurrer, under

section 4174 of the Revised Statutes. The remedy in such case is by motion to require plaintiff to elect which cause he will prosecute, and to strike out all matter relating to the other causes of action. The demurrer was properly overruled as to these two grounds. Of course, the trial court, pending such motion, might permit the plaintiff to file an amended complaint, in which each cause of action is separately stated. which would be proper.

We now come to the only remaining question, and which is the serious question in the case, to wit, the first ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action. The complaint shows that the four checks in question were delivered by the defendant to the plaintiff at Challis, county of Custer, on the thirtieth day of January, 1897; that C. Bunting & Co. did a banking business at Blackfoot, in an adjoining county; that stages run from Challis to Blackfoot, where C. Bunting & Co., the drawee, did business; that on February 15, 1897, said C. Bunting & Co., failed in business and became insolvent; that on February 18, 1897, the plaintiff demanded payment of said checks of the defendant, which payment the defendant refused to make. We do not think these allegations were sufficient. The law presumes that the defendant had funds in the bank upon which said checks were drawn with which to pay them. Section 3546 of the Revised Statutes is as follows: "If a bill of exchange, payable at sight or on demand without interest, is not duly presented for payment within ten days after the time in which it could with reasonable diligence be transmitted to the proper place for such presentment, the drawer and indorser are exonerated, unless such presentment is excused." Under section 3591 of the Revised Statutes, the drawer is exonerated by delay in presentment only to the extent of the injury which he suffers thereby. But the complaint in this case does not show that said checks were presented to C. Bunting & Co. at all, and does not show any excuse for not presenting said checks for payment prior to February 15th, the date of the alleged bank failure. No facts are alleged in the complaint showing that sixteen days was not a reasonable time, after deducting ten days therefrom, within which to present said checks at the proper place for payment.

The complaint showing on its face that the plaintiff had said checks for as long a period as sixteen days prior to the failure of the bank, and the law presuming that the drawer had funds in said bank to satisfy said checks, the presumption of law arises that the defendant was damaged by plaintiff's neglect to present said checks for payment to the extent of the face of said checks; and to overcome such presumption the facts, if any exist, showing that plaintiff could not, by reasonable diligence, have presented them prior to the failure of the said bank, should be alleged in the complaint. No such averments appear in the complaint, for which reason said complaint was not sufficient, and the first ground of the demurrer should have been sustained. For the foregoing reasons, the judgment is reversed, and the cause remanded to the district court for further proceedings in accord with the views herein expressed. Costs of appeal awarded to the appellant, but, in taxing the costs, only the cost of procuring and printing seven pages of the transcript to be allowed to the appellant.

Huston, C. J., and Sullivan, J., concur.