————o————

No. 5935.

## PHOENIX BUILDING AND HOMESTEAD ASS'N. vs. F. E. WEILBACHER.

### Syllabus.

A debtor may, although insolvent, lawfully sell for a price which is paid to him in money; but the law forbids him to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due.

When goods in custody of the Court are sold, the privileges thereon attach to the proceeds and may be asserted until the distribution thereof.

Appeal from the First City Court, Division "C," No. 58,766. Hon. Henry Renshaw, Judge.

Wm. V. Seeber, for plaintiff and appellant.

Dinkelspiel, Hart & Davey, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The facts of this case are that defendant, who kept a drug store owed plaintiff, his lessor, rent and, anticipating a seizure for rent, during the night, removed the entire contents of the leased premises, fixtures, drugs and merchandise, and delivered them to the opponent in payment of a pre-existing debt, a part of which was for boarding. The opponent sent them to an auctioneer for sale. On the day of the sale, and within fifteen days after the removal of the effects plaintiff took out a writ of provisional seizure. By direction of plaintiff, the Constable did not actually seize the effects, but simply served a notice of seizure upon the Auctioneer, and agreed with him that the sale should go on, and that the proceeds of sale should be turned over to him to be held under the writ. The sale took place, the Auctioneer turned the proceeds over to the Constable, who now holds them.

It does not appear that the opponent is engaged in any particular business.

There was judgment for plaintiff for $75.00 interest, costs, and Attorney's fees, maintaining the writ of provisional seizure and recognizing plaintiff's privilege on the property provisionally seized.

Thereupon Mrs. A. R. Holcombe, opponent, took a rule upon the plaintiff and Constable in which she alleged that the proceeds of sale in the Constable's hands were her separate property and that the plaintiff herein had no claim thereon and she prayed that said proceeds be turned over to her.

The plaintiff filed several exceptions which it is not necessary to notice as we have concluded to discuss the rule on the merits.

It is conceded that defendant's object in transferring his property to the opponent was to defeat the lessor to whom he owed rent. This was a fraud on his part which he could not legally commit. A debtor's property is the common pledge of his creditors and the proceeds of its sale must be distributed among them ratably unless some creditor is entitled to a preference under the law. C. C. 3183 (3150). Every act of the debtor tending to defeat the law is a violation of it and may be set aside 50 A. 1236, 1239, 1241.

If Mrs. Holcombe was aware of the defendant's purpose she was also guilty of fraud, and she cannot take advantage of her wrong. We are bound to believe that she should have known defendant's intentions. It is unusual for a debtor to pay his debts by making a **dation en paiement,** and is in itself suggestive of financial embarrassment and insolvency on the part of the debtor. But when that giving in payment consists of the transfer of all the contents of a store carried on by the debtor to another person not engaged in any business, and when the delivery is made out of business hours by a lessee out of leased premises on the eve of the termination of his lease and a suit for rent, such transaction is out of the ordinary course of any business and was calculated to arouse opponent's suspicion and put her on inquiry and we are bound to presume that if she did not know of defendant's purpose, it was because she did not care to know. Even a sale **omnium bonorum** creates a presumption of fraud; 2 A., 266; 6 A., 815, 817; 7 A., 124, 270; 21 A., 591.

Inasmuch as the creditor is not presumed to confess knowledge, it is not necessary to establish his knowledge beyond a doubt, proof of circumstances tending to pro-

duce a strong impression that the creditor had that knowledge will suffice. **2 R., 38.**

Circumstantial evidence is the only one in the power of the plaintiff. **11 A., 227; 15 A., 177; 6 A., 812.**

When the plaintiff proves his debt the burden is upon the transferee to show the solvency of the transferor. **C. C. 1985 (1980); 4 N. S., 652.**

The rights of the lessor cannot be affected by a **dation en paiement** made by the lessee to one of his creditors of the contents of the leased premises and a fraudulent removal of the property from the premises leased with the avowed purpose of placing it beyond the lessor's reach. **2 A., 14; 2 La., 16; 4 N. S., 649; 6 A., 811; 30 A., 202.**

But in order to set aside a **dation en paiement** it is not necessary to show that the transferee was aware of the debtor's insolvency. **4 N. S., 174, 650; 16 La., 363, 369; C. C., 1983; R. S., 1808; 37 A., 594; 38 A., 425, 439; C. C., 2658 (2628).**

He (the debtor) may, although insolvent, lawfully sell for the price which is paid to him; but the law forbids to give in payment to one creditor, to the prejudice of the other, any other thing than the sum of money due.

The remaining question is whether the lessor's privilege followed the proceeds of sale in the Constable's hands? There is no question that the proceeds at least were seized by the Constable since he holds them even now under his writ, and the object of the rule under consideration is to take them away from him.

We consider that the notice of seizure and agreement between the Constable and the Auctioneer to proceed with the sale and to turn the proceeds over to the Constable amounted to a seizure, and that the Auctioneer's possession thereafter was as keeper for account of the Constable.

When goods are in **custodia legis,** the privileges thereon attach to the proceeds and may be asserted until the distribution thereof. 8 N. S., 106; 7 R., 87; 5 A., 712; 51 Wall., 600.

It is therefore ordered for the reasons above given that the judgment be affirmed in so far as it dismisses the rule herein taken by Mrs. A. R. Holcombe and that in all other respects it be reversed. It is further ordered that the plaintiff herein, the Phoenix Building and Homestead Association, be decreed entitled to the lessor's lien and privilege upon the proceeds of sale in the Constable's hands herein and that said Constable pay said plaintiff out of said proceeds the amount of its judgment herein against the defendant Frank E. Weilbacher, in capital, interest, attorney's fees and costs.

It is further ordered that Mrs. A. R. Holcombe pay the costs of this rule in the Court below and in this Court.

Judgment reversed.

Opinion and decree, March 9th, 1914.

Rehearing refused April 20, 1914.