EASTMAN KODAK CO., APPELLANT, *v.* SIBLEY ET AL., RE-
SPONDENTS.

(No. 5,576.)

(Submitted January 13, 1925.  Decided February 13, 1925.)

[233 Pac. 613.]

*Principal and Agent — Ostensible Agency — Revocation of
Agency—Failure to Give Notice—Liability of Principal—
Evidence.*

Principal and Agent—Sales—Ostensible Agency—Failure of Principal
to Give Notice of Revocation of Agency—Principal Liable.
1.    Where a person is shown to have been the agent of another in
a particular business, and continues to act within the apparent
scope of his prior authority, it will be presumed that his authority
still continues and his acts will bind his former principal even
though the agent's authority has been revoked, if the persons
dealing with him had no notice of the revocation and relied upon
the continued existence of his agency.

Same.
2.    Under the above rule, *held* that where the owner of a store
sold it to his manager but did not notify a dealer from whom the
store had theretofore purchased goods of the change of ownership
and the new owner ordered goods using the stationery bearing the
old name of the store instead of the new one, and the dealer in
ignorance of the change furnished them, believing that the former
owner was the buyer, and the new owner failed in business, the
former owner was liable for the price of the goods.

Same—Sales—Failure to Give Notice of Revocation of Agency—Evi-
dence—Irrelevancy.
3.    Where the manager of a store bought it and thereafter pur-
chased goods under the name of the store as it was prior to the
time he became its owner, testimony in an action against the
former owner to recover their price, to the effect that the latter
had never dealt with plaintiff personally, that the manager's agency
ceased on a certain day and that the use of stationery of the old
store in ordering the goods was unauthorized, was irrelevant in
the absence of proof that plaintiff had notice of the revocation of
the buyer's agency.

Same—Knowledge of Revocation of Agency—Evidence—Admissibility.
4.    Under the facts above, after plaintiff dealer had testified that
he had not received any notice of change of ownership of the
store until he was advised of the new owner's failure in business,
a check received by plaintiff some five months after the sale of
the store bearing its new name was admissible as tending to con-
tradict plaintiff's statement, though it was not received until after
the goods made the basis of the action had been shipped,

1.    Necessity and sufficiency, as between principal and third person,
of notice of termination of agency, see note in 41 **L. R. A.** (n. s.) 663.

*Appeal from District Court, Big Horn County; Robert C. Stong, Judge.*

ACTION by the Eastman Kodak Company against Earl Sibley and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. C. F. Gillette,* for Appellant.

*Messrs. Maddox & Guinn,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This action was brought by the plaintiff, Eastman Kodak Company, a corporation, against the defendants, Earl Sibley and the Sibley Drug Store, to recover the sum of $439.43, the price of goods alleged to have been sold and delivered by the plaintiff to the defendants.

The proof showed that beginning with the month of September, 1920, and until the seventeenth day of May, 1921, Earl Sibley was the owner of a drug-store at Lodge Grass, Montana, operated under the name of "Sibley Drug Store," and that J. R. Knaub was in charge of the business as manager. Knaub was given authority to purchase goods for the store and at various times between September 5, 1920, and July 13, 1921, he placed orders for goods with the plaintiff. Most of the orders were written upon letter-heads bearing the following: "Sibley Drug Store, J. R. Knaub, Manager," and were signed "Sibley Drug Store, Lodge Grass, Montana, Per J. R. Knaub, Mgr." An order dated March 9, 1921, written upon the Sibley Drug Store letter-head, was signed "J. R. Knaub." The same is true of a letter dated May 18, 1921, An order dated July 9, 1921, written on the Sibley Drug Store letter-head, was signed "J. R. K. Sibley Drug Store."

An order from the Sibley Drug Store, probably dated May 18, was received by the plaintiff May 21, 1921, amounting to $555.47. The goods were shipped May 24, 1921. These were partly paid for: $150 August 17, 1921; $75 October 20, 1921; $5.51 December 12, 1921. Thus there remained unpaid on this order $374.77. Small shipments were made June 18, July 6, and July 14, 1921.

On the 17th of May, 1921, Earl Sibley sold the drug-store to J. R. Knaub but of this the plaintiff did not receive any notice. After the sale, but just how soon after the record does not show, the name of the business was changed to "Jack's Drug Store." In October, 1921, the plaintiff received a check upon which was printed "Jack's Drug Store, Lodge Grass, Mont.," in favor of plaintiff for the sum of $75.19, signed: "Jack's Drug Store, J. R. Knaub."

In January, 1922, the plaintiff received a letter from the Billings Credit Men's Association giving the information that J. R. Knaub had made an assignment to the association for the benefit of his creditors, and also that Jack's Drug Store was the successor of the "Sibley Drug Company of Lodge Grass," which "was a branch of the Sibley Drug Company of Hardin, Montana." Thereupon the plaintiff wrote to defendant Earl Sibley telling him it had received the notice from the Billings Credit Men's Association, saying: "We never received any notification of this sale and our accounts have been in the name of the Sibley Drug Store, and all orders received have been so signed. We shall, therefore, have to look to you for collection, and inclose detailed statement exhibiting an unpaid balance of $456.64. Please let us hear from you promptly." Sibley in reply wrote a letter to plaintiff, denying any liability. This suit followed.

The plaintiff's proof in chief was made up entirely of a deposition given by a gentleman who described himself as a resident of Rochester, New York, and as credit manager for the Eastman Kodak Company for more than twenty years. He testified, apparently without objection, to the receipt of the

letters and orders sent to the plaintiff by the Sibley Drug Company and J. R. Knaub, although apparently all but the first two were sent to the Eastman Kodak Company at Chicago; also as to the dates when the merchandise was shipped and to what point. He deposed: "The plaintiff received no information from any source as to any change in ownership of the Sibley Drug Store. If such information had been received by plaintiff, it would have been referred to me as credit manager." He testified that all the shipments ordered prior to May 17, 1921, were paid for, and then told of the payments which were made upon account after that date. All this without objection. He did not testify as to the delivery of the goods to defendant or to anyone else.

In plaintiff's proof Earl Sibley was not connected with the Sibley Drug Store in any way, with the exception of the letter written by the plaintiff to him and his reply thereto. Prior to that time the plaintiff had never received any communication signed by Sibley personally.

Plaintiff having rested, the defendant Sibley proceeded with his proof. It consisted generally of testimony showing that he opened the drug-store at Lodge Grass and put Knaub in charge; that Knaub ordered goods for the store and paid for them as manager; that defendant sold the store to Knaub on May 17, 1921; that there were no creditors of the concern on that date except Wiggenhorn Brothers at Billings; that the defendant Sibley never dealt directly with the plaintiff; that Knaub was not the agent of Sibley after the 17th of May, 1921; that if Knaub used the stationery of the Sibley Drug Store after that date, he did so without Sibley's authority. It was admitted that Sibley had never notified the plaintiff that he had disposed of the store. The check above mentioned was introduced in evidence.

Both sides having rested the plaintiff moved for a directed verdict in its favor for the amount prayed for in the complaint and the defendant Sibley moved for a "nonsuit." The court denied both motions and submitted the case to the jury,

which found for defendant. The plaintiff appealed from the judgment.

Counsel in their briefs have given up considerable space to a discussion of the court's action in submitting the cause to the jury, after both parties in effect, as they say, had moved for a directed verdict. The question debated by them is settled by *Hollingsworth* v. *Ruckman, ante,* p. ——, 232 Pac. 180. However, the court should have directed a verdict in favor of the plaintiff for the reasons following.

As the case was presented throughout the trial, the issues [1, 2] were narrowed to the single question of ostensible agency. As illustrative of this the court gave to the jury the following instruction: "The court instructs that the only question for you to determine in this case is: Did the defendant Sibley, intentionally, or by want of ordinary care, induce the plaintiff to believe that Knaub was his agent? It is not a question of whether or not Knaub had actual authority, but whether or not Sibley by his conduct or want of ordinary care led the plaintiff to believe that Knaub was his agent or had authority to purchase the goods in question in this suit."

Counsel for defendants said to the court if the word "only" were eliminated from the instruction he would not have any objection to it. We are unable to see counsel's point. The instruction has the same meaning without "only" as it has with it.

Upon the record as presented Knaub was the ostensible agent of the Sibley Drug Company. Sibley himself proved his ownership of that concern. Knaub was Sibley's agent. Sibley assumed that when he sold the store to Knaub he did his duty to the business world when he notified the Sibley Drug Company's sole creditor of the transfer. While undoubtedly Mr. Sibley acted in entire good faith he overlooked the fact that a going concern had been created by him which he had placed in charge of one who was held out to the world as possessing all the powers of a general agent. He himself had given the Sibley Drug Store a standing in the business world which

[72 Mont. 338.]

enabled it to purchase upon credit at home and abroad. When he sold the business he did nothing to apprise those with whom his Sibley Drug Store had been dealing and from whom it had obtained credit, that he had sold the business and had withdrawn his backing from it. He did not notify them that the Sibley Drug Store had ceased to be and that "Jack's Drug Store" had taken its place. By an oversight he left the very stationery which he had employed in the conduct of the business free for the use of his successor, who took advantage of the situation.

Section 7945, Revised Codes of 1921, provides that an agent has such authority as the principal actually or ostensibly confers upon him. The inspiration of the law as written in section 7947 was to protect innocent people against situations such as are presented here: "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess."

Even after his authority has been revoked an agent may bind the principal by dealing with third persons, who in the absence of notice of the revocation of the agent's authority rely upon the continued existence of his agency.

Where a person is shown to have been the agent of another in a particular business and continues to act within the apparent scope of his former authority, it will be presumed that his authority still continues and his acts will bind his principal unless the persons with whom he deals have notice that his agency has ceased. (*Diversy* v. *Kellogg,* 44 Ill. 114, 92 Am. Dec. 154; *Perrine* v. *Jermyn,* 163 Pa. 497, 30 Atl. 202; *Stockton Ice Co.* v. *Argonaut L. & D. Co.,* 6 Cal. Unrep. 275, 56 Pac. 885; *Fox* v. *Rogers,* 6 Idaho, 710, 59 Pac. 538; *Johnson* v. *Christian,* 128 U. S. 374, 32 L. Ed. 412, 9 Sup. Ct. Rep. 87 [see, also, Rose's U. S. Notes].)

In other words, "on the termination of an agency, persons who have dealt with the principal through the agent may continue to do so, in the absence of knowledge of the fact, and the principal will be bound by the acts of the former agent

as fully as if his authority had not ceased." (*Union Bank & Trust Co.* v. *Long Pole Lumber Co.*, 70 W. Va. 558, 41 L. R. A. (n. s.) 663, 74 S. E. 674.) In the exhaustive note appended to this case, in which a large number of cases are collated it is said: "The cases are practically unanimous on this general rule, and most of them summarily state it as if it were an axiom." (And see 2 C. J. 539.)

In the absence of proof showing or tending to show that [3] plaintiff had notice of the sale by Sibley to Knaub, and consequently of the revocation of Knaub's agency, testimony on part of the defendants that Sibley had never dealt with the plaintiff personally, that Knaub was not the agent of Sibley after the date of the sale, and that, if Knaub used the stationery of the Sibley Drug Store after the sale, he did so without Sibley's authority, was irrelevant.

The plaintiff objected to the admission in evidence of the [4] Jack's Drug Store check. The court's action in overruling the objection was correct. Plaintiff's witness had testified that the plaintiff did not receive any notice of a change in the business conducted by Knaub until the notice from the Credit Men's Association was received; the check, received by plaintiff as it was, tended to show the contrary. It is true the check was not received until after the goods had been shipped by the plaintiff but nevertheless its receipt by plaintiff tended to contradict the statement of the witness.

It may be that the issues may not be so narrowed upon another trial. The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in this decision.