[No. 9887. In Bank. — February 25, 1886.]

JULIA A. HAGLE, RESPONDENT, *v.* JOHN HAGLE, APPELLANT.

DIVORCE — MAINTENANCE OF WIFE LIVING SEPARATE FROM HUSBAND — DISCRETION. — In an action for a divorce, the court has discretionary power, under section 136 of the Civil Code, although a divorce is denied, to require the husband to provide for the maintenance of the wife while she is living separate from him, when the circumstances of the case show that it would be impossible for them to live happily together.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*W. H. Beatty,* and *S. C. Denson,* for Appellant.

The husband cannot be compelled to maintain the wife while she is living apart from him. (2 Bishop's Mar. & Div., secs. 350–359; Stewart on Mar. & Div., sec. 179; *Logan* v. *Logan,* 2 B. Mon. 142; *Butler* v. *Butler,* 4 Litt. 201; *Boggess* v. *Boggess,* 4 Dana, 307.)

*Hart & White,* for Respondent, cited section 136 of the Civil Code.

FOOTE, C.—The plaintiff sought a divorce from her husband, the defendant.

The court applied to disallowed the divorce but granted the wife twenty-five dollars per month as maintenance under section 136, Civil Code. From that part of the judgment providing for the wife's maintenance the defendant appealed.

The court found that while defendant was not guilty of anything amounting to legal cruelty,—which was the ground relied on for a divorce,—nevertheless his conduct as a husband was cold, harsh, and disagreeable, making it unpleasant for the plaintiff to live with him; that the wife's conduct was not free from blame; that the marriage had been unhappy from the beginning; that the wife was a good many years older than her husband, and love or affection no longer existed between them; that at the time of their marriage the woman was hard-working, and had accumulated, from saving her wages, about five hundred dollars; that the man was possessed of about a similar sum of money; that putting their acquisitions together they purchased a farm, which is their homestead, and stocked it; that the husband afterward inherited about fifteen hundred dollars in money; that he rented land with a crop growing on it, and made some money out of it; that of the ten thousand dollars' worth of property of which the husband was in possession the greater part in value was community property; that there was no probability of the parties ever living together as husband and wife; that the wife was growing old, and would soon be incapacitated from making a living by her work; that twenty-five dollars was a reasonable sum per month to be paid her by the defendant, to provide for her maintenance, she having no children.

It is argued for the defendant that his wife's allegations

against him as a cruel husband being disproved, and her application for a divorce from him disallowed, she ought not to have maintenance at his hands unless she returns to his home, from which she is now absent through no fault of his.

It is our opinion that the section of the Civil Code, No. 136, under which the judgment complained of was rendered, allows in such a case as the one under consideration the exercise of a sound discretion to the trial court. We observe no abuse of that discretion in the matter when before that tribunal, and are therefore satisfied that its judgment should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

ROSS, J., and McKINSTRY, J., dissented.