[No. 12101. In Bank. — January 28, 1888.]

JOHN HAGLE, APPELLANT, v. JULIA A. HAGLE, RESPONDENT.

DIVORCE — A MENSA ET THORO — LIABILITY OF HUSBAND TO SUPPORT WIFE — WIFE LIVING APART FROM HUSBAND. — The courts of California have no authority to grant a divorce *a mensa et thoro*, or to compel a husband to support his wife while she is living separate and apart from him, against his will and consent, without any statutory ground for an absolute divorce, or any statutory excuse for her absence from his home.

ID. — DESERTION — EVIDENCE. — The refusal of the court to grant the plaintiff a divorce on the ground of the alleged desertion of the defendant, *held*, justified by the evidence.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Grove L. Johnson*, for Appellant.

On the evidence produced at the trial, the defendant was guilty of desertion. (Civ. Code, secs. 95, 98–100, 103.) The judgment roll in the case of *Hagle* v. *Hagle*, 68 Cal. 588, is a judicial determination of the falsity of the defendant's claim that she was living separate and apart from the plaintiff by reason of his cruelty towards her; and inasmuch as she admitted in her answer that she was living separate and apart from him, and justified only because of his alleged cruelty, the judgment roll conclusively established the charge of desertion made against her, because it took from her defense the only prop upon which it relied, viz., the alleged cruelty of appellant.

*Clinton L. White*, for Respondent.

The general effect of the evidence is to establish that the parties were living apart from each other by mutual consent. Such a separation is not desertion. (Civ. Code, secs. 95, 99.) The consent to the separation need not be express, but may be inferred from conduct. (*Gray* v. *Gray*, 15 Ala. 779; *Gillinwaters* v. *Gillinwaters*, 28 Mo. 60; *Cornish* v. *Cornish*, 23 N. J. Eq. 208.) The judgment roll introduced in evidence by plaintiff, instead of tending to show desertion by defendant, showed that by a judgment of the court he was being compelled to furnish to her a maintenance. This judgment contemplated that the wife might, if she so elected, live separate from him. A wife living apart from her husband, under a judgment requiring him to pay her a monthly allow-

ance for her separate maintenance, is not guilty of desertion. (*Weld* v. *Weld*, 27 Minn. 330.)

PATERSON, J.—The plaintiff, John Hagle, seeks in this action to obtain a divorce from his wife on the ground of desertion. The defendant denied that she had deserted the plaintiff, and alleged that she had lived separate and apart from him for about three years without any fault on her part, but because of the cruel treatment she had received from him. The parties were married in 1869. They owned and lived on a farm in Sacramento County until July, 1882. They also owned a dwelling-house in the city of Oakland.

The plaintiff introduced in evidence the judgment roll in an action commenced on the 5th of October, 1883, by the defendant against the plaintiff in this action, for a divorce on the ground of extreme cruelty. It appeared from the record in that case that the defendant had not been guilty of any of the acts of cruelty alleged in the complaint. The application for a divorce was therefore denied. The court found, however, that " his conduct as a husband was cold, harsh, and disagreeable, making it unpleasant for plaintiff to live with him. Plaintiff's conduct as his wife was also not free from blame. The marriage was an unhappy one from the beginning. Plaintiff is several years older than defendant, and for a long time their relations to each other have been unpleasant. From the evidence and the conduct of the parties in court there is now no love or affection between them. . . . . There is no probability of the parties ever living together again as husband and wife. Plaintiff will soon be getting too old to earn a living by work, being now about fifty-four years old. Twenty-five dollars per month would be a reasonable sum under the circumstances to be provided by the defendant for the maintenance of plaintiff." And, as a conclusion of law, it was found that " defendant should pay to plaintiff for her maintenance, under the provisions of section 136

of the Civil Code, the sum of twenty-five dollars per month." It was accordingly "ordered, adjudged, and decreed that until the further order of this court, the said defendant, John Hagle, do pay to the plaintiff, Julia A. Hagle, for her maintenance, the sum of twenty-five dollars per month, payable on the first day of each and every month, commencing on the first day of March, A. D. 1884." From the judgment so entered against him the defendant appealed to this court, where the judgment was affirmed. (*Hagle* v. *Hagle*, 68 Cal. 588.)

The plaintiff testified that the defendant left him in July, 1882, and went to their house in Oakland, but returned twice after that, the last time in July or August, 1883, when she remained seven or eight days cooking for the men; that she then went away again without his consent, and had never since returned; that she had told plaintiff she would not stay on the ranch any longer, because she could make her living easier; that he sent word to her to return home; if she could not make her own living to come back on the ranch, because he could not keep up two places. Other witnesses testified that the defendant had said "she was not going to work herself to death on the ranch any longer."

Judgment of nonsuit was entered. The plaintiff then moved for a new trial, and his motion being denied, he appealed from the judgment and order.

1. It is claimed that the decision in *Hagle* v. *Hagle*, 68 Cal. 588, in effect establishes the right of the superior court to require support for the wife when she is living separate and apart from her husband without grounds for divorce, and against his will and consent; and that there could be no desertion on the part of the wife while living separate and apart from her husband under the decree that was entered in the former suit.

It is said in the findings in that case that "there is no probability of the parties ever living together again as husband and wife." The divorce was not denied for

any of the causes stated in section 111 of the Civil
Code, and there is nothing in the judgment roll which
shows that they were not then living together in the
same house, or, if living apart, that the separation was
not by mutual consent. There is nothing in the decree
which requires the defendant therein to support his wife
while she is living separate and apart from him without
statutory grounds for divorce, and against his will and
consent. If there were, it would be sufficient to say that
there is no authority for such a judicial separation. We
are not called upon to determine the power of the court
under section 136, in cases of recrimination and other
statutory defenses, and excuses for absence from the
domicile. There is in this state no such thing as di-
vorce *a mensa et thoro.* Section 136 of the Civil Code
does not authorize the allowance of support for the wife,
and at the same time a release from her marital obliga-
tions. In the absence of a statute authorizing it, there
is no limited divorce. If the legislature had intended
to provide for the support of the wife by the husband
when she is living separate and apart from him without
grounds for an absolute divorce or statutory excuse for
absence from his home, it would have specified the
grounds upon which the separation might be declared.
It surely was not intended that it should be left to the
superior judge in his discretion to say what is a suffi-
cient cause for a divorce from bed and board. A pro-
vision similar to that contained in section 136 of the
Civil Code was construed in *P—— v. P——*, 24 How.
Pr. 197; and this case is cited by the code commission-
ers in support of the rule. (Annotated Civil Code, sec.
136. See also Proposed Civil Code of New York, sec. 68,
note.) The objects of the provision evidently are to
enable the court in a proper case to aid in a restoration
of domestic harmony, to prevent the breaking up of the
family,—especially where there are children of tender
age and delicate health,—and to require penurious hus-

bands to furnish decent support for their wives, and for the care and education of the children, where the parties have no cause for divorce on statutory grounds, or where the innocent party has condoned the offense.

It may be that when the allowance was made to Mrs. Hagle in the former action she was living apart from her husband through no fault of his, but that he was willing —indeed anxious—that she should remain away. In that case he could not refuse to comply with the order made by the court, simply because of her absence from his house; but the indulgence of her husband in that regard for any length of time would not relieve the wife from her marital obligations to live with him when required, unless his conduct was such as the statute declares to be a lawful excuse for absence from the dwelling-place. We do not say that support can be required only when the parties are living together. (Civ. Code, secs. 97–99, 104, 107, 111, 124, 128.)

The decision in *Hagle* v. *Hagle*, 68 Cal. 588, when read in the light of the facts of the case and the questions there before the court, is in harmony with what has been said herein.

2. The respondent contends that "the general effect of all the evidence is to establish that the plaintiff and defendant were living apart by mutual consent." However this may be, the judgment of the lower court in cases of this kind should not be reversed unless the evidence is so clear that this court can declare it to be the inevitable duty of the court below to render a different judgment. We cannot say that the court below abused its discretion in considering or weighing the evidence introduced by the plaintiff. The parties had a ranch in the country and a house in Oakland. There was evidence from which the court might have found that, for a time at least, both parties contemplated making the house at Oakland their residence; that there was a mere quarrel as to where they should live; that they resided

at different places for a certain time by mutual consent, and that there was not that corroboration of the testimony of the plaintiff which is required by section 130 of the Civil Code. We cannot say that the court below was bound to grant a divorce.

Judgment and order affirmed.

McKINSTRY, J., SHARPSTEIN, J., and SEARLS, C. J., concurred.

McFARLAND, J., concurring. — I concur in the judgment; but I dissent from the view that a decree in a divorce case directing the husband to furnish certain support to the wife can be valid only when the parties lived together. I do not think that such is the law, because section 136 of the Civil Code makes no such distinction. Moreover, that section provides that the allowance for maintenance may be made "in an action for divorce" when "judgment for divorce is denied"; and how could there be a *bona fide* action for divorce while the parties were living together? It is true that in this state there can be no divorce *a mensa et thoro;* but a decree *a mensa et thoro* is a very different thing from the mere *fact* of married people living apart. (Burrill's Law Dictionary, 504.)