[S. F. No. 796: In Bank.—September 15, 1899.]

SARAH SWEASEY, Respondent, v. THOMAS W. SWEASEY, Appellant.

ACTION BY WIFE FOR MAINTENANCE — CROSS-COMPLAINT FOR DIVORCE —JUDGMENT FOR MAINTENANCE— ERRONEOUS REASON—APPEAL.—In an action by a wife under section 137 of the Civil Code for permanent support and maintenance, on the ground of willful desertion by the husband, in which the husband, by a cross-complaint, sought a divorce, which was denied, where the findings of fact entitle the wife to the relief and support given under her complaint, the judgment rendered in her favor will not be reversed upon appeal because the court erroneously concluded that plaintiff was not entitled to the relief granted under

section 137 of the code, but was entitled thereto under section 136 of the code, on account of the denial of a divorce to the husband.

Id.—CONSTRUCTION OF CODE PROVISIONS AS TO MAINTENANCE.—Effect is to be given to each of sections 136 and 137 of the Civil Code, in the cases to which each of those sections is applicable. Section 136 is applicable to an action for divorce, and the maintenance therein provided for is intended for the person to whom the divorce is denied. Section 137 is intended to apply to an action by the wife for a separate, permanent maintenance without suing for a divorce; and if relief were granted to the wife upon a cross-complaint for permanent maintenance, in an action for divorce by the husband, section 137 would apply thereto, and section 136 would have no application.

Id.—GROUNDS OF RELIEF TO WIFE NOT ENLARGED BY HUSBAND'S CROSS-COMPLAINT.— In an action by the wife for a maintenance without divorce under section 137 of the Civil Code, the grounds upon which the court may require the husband to support the wife are not enlarged by the fact that the husband, in a cross-complaint, asks for a divorce from the wife.

Id.—DIFFERING EFFECTS OF MAINTENANCE—RIGHTS OF HUSBAND.— If maintenance is granted under section 137 of the Civil Code, and the desertion has not continued long enough to constitute a ground for divorce, the husband may return and re-establish the relation, and rid himself of the judgment; but where the wife sues for a divorce, and maintenance is allowed, in discretion of the court, upon denial of the divorce, under section 136 of the Civil Code, a legal separation of the parties is effected without divorce, and the husband cannot, of his own volition, resume his rights.

Id.—RIGHTS OF WIFE HAVING CAUSE FOR DIVORCE—SUIT FOR MAINTENANCE.—A wife who has cause for a divorce cannot be compelled by her derelict husband to sue for a divorce; but, if he has deserted her, she may sue for a separate maintenance without a divorce.

Id.—WILLINGNESS OF HUSBAND TO PROVIDE NECESSARIES.—The willingness of a husband who has deserted his wife to provide necessaries for her is no defense to an action by a wife to enforce her right to a permanent maintenance, which may be more than what is absolutely necessary. She is not compelled to rely upon his whim and temper; but is entitled to a fixed allowance, and to the means provided by statute for enforcing its payment.

Id.—DESERTION—IMMATERIAL FINDINGS AND RULINGS.—Where the finding of desertion of the wife by the husband is not assailed he could not be entitled to a divorce for alleged extreme cruelty of the wife, and it is immaterial whether findings in his cross-action therefor, and rulings as to admission of evidence therein, are properly sustained or not.

Id.—EVIDENCE — RELATIONS BETWEEN HUSBAND AND ANOTHER WOMAN.—Evidence of the relations between the husband and

another woman is admissible for plaintiff, under the issue joined
as to whether he had deserted the plaintiff.

Id.—Continuance of Temporary Alimony Pending Appeal—Pre-
sumption.—Temporary alimony, intended to provide for the sup-
port of plaintiff *pendente lite*, may be continued by the court
pending an appeal from the judgment, and until the judgment
becomes final and can be enforced. It will not be presumed
that it will be continued after plaintiff can have the benefit of
the judgment.

APPEAL from a judgment of the Superior Court of Hum-
boldt County.   G. W. Hunter, Judge.

The judgment appealed from, by its terms, expressly con-
tinued in force an order allowing temporary alimony in the sum
of thirty dollars per month, "until the further order of this
court, so that in the event of an appeal being taken, said allow-
ance will be paid during the pendency of said cause on appeal."
Further facts are stated in the opinion of the court.

Chamberlin & Wheeler, and Frank McGowan, for Appellant.

J. N. Gillett, and J. F. Coonan, for Respondent.

TEMPLE, J.—The parties are husband and wife, and the
action was brought by the wife to secure a separate mainte-
nance under section 137 of the Civil Code, charging desertion on
the part of the husband.

The defendant in his answer denied the alleged desertion, and
also filed a cross-complaint, in which he asked for a divorce on
the ground of extreme cruelty.   A great many acts on the part
of plaintiff are specifically alleged, consisting mostly of false and
slanderous charges with reference to him, well calculated, if
believed, to degrade him in the community, and of filthy and
obscene language addressed to him, or to others in speaking
of him.   These charges were generally denied by plaintiff,
who, in her answer to the cross-complaint, made numerous
counter-charges by way of recrimination.

The court found that the parties intermarried in 1854; that
they had five thousand dollars' worth of community property,
and that plaintiff had no separate estate.   They were keeping
a hotel at Hydesville, the hotel and furniture apparently con-
stituting the bulk of their property.

It was found that defendant had deserted the plaintiff, as charged in her complaint, but that defendant had not failed or refused to provide for plaintiff, and per consequence, as a conclusion of law, that "plaintiff is not entitled to permanent support and maintenance under the provisions of section 137 of the Civil Code, as prayed for in her complaint."

The desertion consisted in the fact that "the defendant has willfully and without cause refused to sleep with plaintiff, or to eat his meals with her, or to talk with her, and, during the whole of that time, has refused to have the ordinary social and matrimonial intercourse with her that usually exists between husband and wife." The wife lived at the hotel or at a private cottage in the village. She took her meals at the hotel, and availed herself of the credit of the defendant to buy whatever she needed or desired.

Upon the charges contained in the cross-complaint, the court found that many of the specific charges of cruelty were true, but as to some that, though the charge was true, serious mental suffering was not caused thereby. As to other specific charges that, although true, "were provoked and caused by reason of the misconduct of the defendant in associating with Miss Kate McAtee"—whether they also caused grievous mental suffering to defendant was not determined. The divorce was denied to defendant, but it was decided that defendant should pay plaintiff for her maintenance, under the provisions of section 136 of the Civil Code, the sum of thirty-five dollars per month.

Section 136 is: "Though judgment of divorce be denied, the court may, in an action for divorce, provide for the maintenance of the wife and her children, or any of them, by the husband." It is obvious that the action in which the provision for a separate maintenance is to be made, under this section, is the action in which the divorce was denied, and that the maintenance is for the person to whom such divorce was denied. If the husband sues for a divorce, the wife may, by a cross-complaint in that action, ask for, and, in a proper case, have made for her, provision for such maintenance under section 137. Section 136 would have no application to such a case. In the cross-action of the husband, the wife set up no such claim, unless, by a curious and unnecessary retroversion, her complaint

can be made to perform that office. But such speculations are not required. Independently of the contention as to the sufficiency of the evidence, the question is, Do the findings warrant the judgment entered? The conclusion of law that the plaintiff is not entitled to the relief under section 137 of the Civil Code, but is under section 136, may be regarded as a reason for the judgment rendered, and if the latter be sustained by the findings, it will not be reversed for the bad reason given.

The grounds upon which the court may require the husband to provide for the wife would not be enlarged by the fact that the husband asked for a divorce, and I think the real issue here is, whether the court found as a fact that the husband had made provision for his wife, or, more properly, whether the wife needs such provision. Upon this subject there is a very explicit finding: "That the plaintiff has no separate property, is without means of support, and is getting too old to earn a living by work. That the sum of thirty-five dollars per month would be a reasonable sum under the circumstances to be provided by the defendant for the maintenance of the plaintiff." There is no other express finding upon the subject, but apparently plaintiff resides at a cottage which belongs to the community and gets her meals at the hotel, and if she chose could live at the hotel. And the finding that the desertion does not consist in living apart from the wife, but in refusing social and matrimonial intercourse with her, seems to imply that, if she is willing to endure such treatment, she may still reside as a stranger in his house and provide herself with necessaries upon his credit. It is said that the learned judge was of the opinion that, under such circumstances, the necessities of the wife were not shown, and, therefore, he held that she was not entitled to a provision under section 137 of the Civil Code. But if it were conceded that she could be provided for under section 136, why there should be any difference in regard to proof of her necessities is not obvious.

In this connection appellant contends that section 136 was repealed by the amendment to section 137, which gave to a wife the statutory right to apply for her separate maintenance without asking for a divorce. If we are not embarrassed by decisions, I find no difficulty in giving operation to both sections.

Formerly, in England, a wife, though not entitled to a divorce, was not compelled to live with a husband who was guilty of extreme cruelty or who had committed adultery. She could sue for a divorce *a mensa et thoro*, and, as a consequence, if her suit prevailed, she was allowed to live in separation, and if she needed it and the husband had the means for it, provision was made for a separate maintenance from the estate of the husband. The divorce simply authorized her to live apart from him and to refuse him conjugal rights. The maintenance was a mere incident, and was not made when, by marriage settlement or otherwise, the wife was already provided for. If a provision for the wife under section 137 authorizes the wife to live in separation and to deny the husband conjugal rights, a judgment to that effect has all the elements of a divorce *a mensa et thoro*. I presume such a decree would not have that effect. but the relation would be still subject to the provisions of section 102 of the Civil Code, and, if the desertion had not continued long enough to entitle the wife to a divorce, the husband could return and re-establish the relation and rid himself of the judgment.. If the lapse of time would interfere with his right to return, it is the statute and not the decree which has that effect. In that respect his condition is no worse for the decree. But if the husband has been guilty of all the offenses described in section 92 of the Civil Code, except desertion, and it is found upon a recriminatory plea in defense that the wife has deserted the husband, and therefore cannot have a divorce, the court would hardly send her back to live with her husband, and I think, under section 136, might, in its discretion, compel the husband to provide for her. Something of the kind is intimated by Judge Field in *Conant v. Conant*, 10 Cal. 249, 70 Am. Dec. 717. He says: "The true rule which should govern the courts in the exercise of its discretion in this respect is this, that to entitle to a decree of absolute divorce from the bonds of matrimony, the applicant must be an innocent party—one who has faithfully discharged the obligations of the marriage relation and seeks relief because aggrieved or injured by the misconduct of the other; and, on the other hand, where there are circumstances showing a disregard of those obligations, though not carried to such a degree as to constitute itself a ground of

divorce, the decree should only be for a divorce from bed and board." The statute, then, in terms, authorized a partial divorce, as in effect it still does, if the allowance may be made under section 136, when the husband has not been guilty of desertion. Parties partially divorced may become reconciled and renew their relations without remarriage, but the husband cannot, of his own volition, resume his rights. I think it was intended by section 136 to enable the court to do just what it was said in *Conant v. Conant, supra,* could be done, and it matters not whether the decree effects a divorce *a mensa* or a legal separation with a provision for the support of the wife. It is purely a matter of words. But in section 137 the wife, having a good cause for a divorce, may, if her circumstances require it, and her husband has deserted her, apply for a separate maintenance without seeking for a divorce. A husband who wishes to be freed from a deserted wife cannot starve her into the necessity of suing for a divorce, which his guilt and her innocence would alike prevent him from obtaining.

If the trial court did, as surmised, rule that plaintiff could not have a provision made for her in her own suit because she can live at the hotel and has not been prevented from the use of his credit to obtain necessaries, this was plainly error. A wife who is left otherwise unprovided for may always use his credit to obtain necessaries. It needs no decree of court to secure that right, but she may be entitled to more than what is absolutely necessary, and she is not compelled to rely upon his whim and temper for them. She is entitled to an allowance and security for its payment or an execution to enforce its payment, or perhaps to have a receiver appointed as provided in section 140 of the Civil Code. This is the nature of the provision which the statute authorizes. Her necessities and the husband's faculties are sufficiently found, and the proper judgment is entered, which must be affirmed.

Appellant complains of some findings against him in his cross-action for divorce. If these are well founded, appellant is still not injured, for it was found that he was guilty of desertion, and no complaint is made that this finding is not sustained by the evidence. He could not, therefore, have obtained

a divorce, even though the court had found in his favor upon those issues.

The rulings complained of in regard to the admission of evidence all have reference to issues which, by reason of the findings of desertion, became immaterial.

The evidence of the relations between defendant and Miss McAtee was properly admitted under the issue made by defendant's denial that he had deserted plaintiff.

The temporary alimony was, until the further order of the court, to provide for plaintiff until the judgment became final and could be enforced. We will not presume that it will be continued after plaintiff can have the benefit of her judgment.

The judgment is affirmed.

Henshaw, J., Van Dyke, J., Harrison, J., McFarland, J., Garoutte, J., and Beatty, C. J., concurred.