[L. A. No. 1603.   In Bank.—June 19, 1905.]

# WILLIAM S. VOLKMAR, Appellant, vs. CAROLINE VOSE VOLKMAR, Respondent.

DIVORCE — DENIAL OF DECREE — SEPARATION OF PARTIES — FINDINGS — MAINTENANCE.—In an action for a divorce brought by the husband, where the application is denied, and the court finds that the parties have lived separate and apart since a certain date and that the wife did not desert her husband, but there was neither averment in the answer nor finding that the husband deserted the wife or was at fault for the separation, the court cannot award a permanent maintenance or permanent alimony to the wife.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Frank James, for Appellant.

Jones & Weller, for Respondent.

ANGELLOTTI, J.—This is an appeal by the plaintiff, upon the judgment-roll, from a judgment given in an action for divorce on the ground of desertion, whereby it was adjudged that the plaintiff should take nothing by his action, and that he pay to the defendant, as alimony, the sum of thirty dollars per month.

The contention of plaintiff is, that the judgment for alimony is not supported by the findings.

The complaint alleges, in the ordinary form, a desertion by defendant, commencing on December 9, 1901, and continuing to the date of the commencement of this action, August 4, 1903.   The affirmative allegations of the answer, upon which the claim for alimony is based, are of course all deemed denied.

The findings, so far as material, are as follows, viz.:   Plaintiff and defendant intermarried on December 7, 1899, and have ever since been husband and wife.   The defendant has never deserted plaintiff.   Plaintiff and defendant have lived separate and apart ever since December 9, 1901, but there has never been any intention on defendant's part to desert or abandon plaintiff.   Ever since December 9, 1901, defendant

has been willing and ready to live with the plaintiff as his wife. Defendant has no property or means by which to support herself, and is now, and for some time has been, dependent upon the charity of friends for her support and maintenance. Plaintiff is in receipt of an income of one hundred and five dollars per month, and is financially able to contribute to defendant's support.

The judgment for alimony must find its entire support in these findings.

Counsel have discussed very fully the questions as to whether under our statute (Civ. Code, secs. 136, 137), a court, in denying a divorce to the husband in an action brought by him, is authorized to provide for the permanent maintenance of the wife, who has not sought a divorce, or shown a willful desertion by him, and whether an action for support and maintenance by the wife can be maintained by her on any other ground than that of the husband's willful desertion. We do not deem it necessary to consider these questions, for it is clear that in no case should a court decree permanent alimony to the wife living separate and apart from her husband, in the absence of facts showing an obligation on the part of the husband to support her under such conditions. The effect of the decree here is to compel the husband to support the wife while she continues to live separate and apart from him.

It is not intimated by the findings in this case that the original separation between these parties was due to any fault of the plaintiff husband. The wife, it is true, is found, in response to the allegations of the complaint, not to have deserted the husband, but it was not found, nor was it claimed by the answer, that the husband had deserted the wife; nor was it found that he had been guilty of willful neglect, cruelty, or any other misconduct. So far as appears, they simply voluntarily separated on December 9, 1901, and have since been living separate and apart. Although it is found that she has been ready and willing at all times to live with him as his wife, it is not found that she ever communicated her readiness and wishes in this regard to him, or that he has ever refused to allow her to live with him. If the wife was not guilty of desertion, and was ready and willing to live with the husband, and in good faith offered so to do, and he refused

her offer, there would have been some ground for a claim that he had been guilty of desertion, warranting the relief given. (Civ. Code, sec. 101.) But the findings present no such case, and we doubt whether the issues made by the pleadings were broad enough to warrant a finding of desertion on the part of the husband, had one been made.

. A wife living separate and apart from her husband cannot, in the absence of special agreement therefor, compel him to support her while living so separate and apart, unless such separation is caused by misconduct on his part. The obligations arising from the contract of marriage are mutual. It is as much the duty of the wife to live with her husband as it is his duty to support her, and the duty of support will not be enforced against the husband in favor of the wife, who, without cause, fails to perform the correlative duty of living with him. (See *McMullin* v. *McMullin,* 123 Cal. 653, [56 Pac. 554]; Civ. Code, sec. 175.) What misconduct on the husband's part would justify a court in requiring him to support his wife while she continues to live apart from him, it is, as already said, not necessary here to consider, for no reason at all why the wife does not return to her husband appears in the facts found by the trial court. It may, however, be said that it has been held that under our statute an action for permanent maintenance, independent of any suit for divorce, can be maintained by a wife only where the husband has been guilty of acts constituting willful desertion on his part. (*Hardy* v. *Hardy,* 97 Cal. 125, 127, [31 Pac. 906].)

Our conclusion is, that the judgment, so far as it awards permanent alimony to the defendant, is not supported by the findings.

It is ordered that the judgment be and the same is hereby modified, by striking therefrom the following provision, viz.: ''That plaintiff pay to the defendant as alimony until the further order of the court the sum of thirty dollars per month; the first payment to be made on or before the first day of March, 1904, and a like sum on or before the first day of each and every month thereafter,'' and as so modified the judgment is affirmed.

McFarland, J., Henshaw, J., Shaw, J., Van Dyke, J., Lorigan, J., and Beatty, C. J., concurred.