[Civ. No. 1008. Third Appellate District.—November 29, 1912.]

## GERDA BENSEN, Respondent, v. CARL BENSEN, Appellant.

ACTION FOR DIVORCE—DECREE DENIED TO BOTH PARTIES—FINDINGS—RELIEF AS TO CUSTODY OF CHILDREN—ALIMONY, COUNSEL FEES, OR PROPERTY UNSUPPORTED—MODIFICATION.—In an action for divorce, where the application of each party therefor is denied, and the only findings made are "that the allegations and averments of plaintiff's complaint have not been proved; that the allegations and averments of defendant's cross-complaint have not been proved"; and no fact is found that would justify the inference that it is for the best interests of the children that their custody should be awarded to the mother, or that she is entitled to alimony, or to counsel fees, or to the rents and profits of the community property or homestead, or to any relief under section 136 or 137 of the Civil Code, the judgment awarding such relief must be modified by striking it from the decree, leaving only the decree denying such divorce to both parties.

APPEAL from a judgment of the Superior Court of Contra Costa County. H. C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

Harry E. Styles, for Respondent.

BURNETT, J.—This was a suit for divorce, plaintiff claiming it on the ground of cruelty and defendant, in his cross-complaint, asking for a decree of divorce on the ground of desertion.

The court found as follows: ''That the allegations and averments of plaintiff's complaint have not been proved; that the allegations and averments of defendant's cross-complaint have not been proved; that there are three children, issue of this marriage named, respectively, Alice, Berger, and Chester, and that it is for the best interests of said children that plaintiff have their custody. As a conclusion of law from the foregoing facts, the court finds that neither plaintiff nor defendant is entitled to a divorce herein; that plaintiff is entitled to the care and custody and control of said children and all of them; that said plaintiff is entitled to permanent alimony in the sum of twenty dollars per month beginning on the first day of July, 1911, for the care of said children; that said plaintiff is entitled to the sum of seventy-five dollars as and for counsel fees herein which shall be due and payable on the first day of July, 1911; that the community property or homestead shall remain as it is, it being understood that plaintiff shall collect and receive the rents and profits thereof until its future disposition by mutual agreement of the parties hereto, or otherwise; and it is hereby ordered that judgment be entered accordingly.''

We think it is quite apparent that the findings of fact are utterly insufficient to support the judgment except that portion of it which denies a divorce to each of the parties. No fact is found that would justify the inference that it is for the best interests of the children that their custody be awarded to the mother. Indeed, considering the general findings of fact in connection with the specific allegations of the complaint and cross-complaint, we have the conclusion of the court that both plaintiff and defendant are ''fit'' and also ''not fit'' persons to have the custody of said children. Likewise, it may be said that there is no necessity or justification shown for the provision in reference to the alimony, court fees

or homestead. In fact, we are left completely in the dark as to whether the parties are living together or separate, what their financial condition is, whether there is any community or separate property, whether a homestead exists or what may be the capacity or needs of either party. There is no sufficient reason disclosed, therefore, for the application of section 136 or 137 of the Civil Code. The decisions of our supreme court make this plain.

In *Hagle* v. *Hagle,* 68 Cal. 588, [9 Pac. 842], it is held that "In an action for a divorce the court has discretionary power, under section 136 of the Civil Code, although a divorce is denied, to require the husband to provide for the maintenance of the wife while she is living separate from him, when the circumstances of the case show that it would be impossible for them to live happily together." An examination of the opinion, however, shows that facts were found ·by the lower court upholding such conclusion.

In *Hagle* v. *Hagle,* reported in 74 Cal. 608, [16 Pac. 518], it is held that "The courts of California have no authority to grant a divorce *a mensa et thoro,* or to compel a husband to support his wife while she is living separate and apart from him against his will and consent, without any statutory ground for an absolute divorce or any statutory excuse for her absence from his home."

In *Peyre* v. *Peyre,* 79 Cal. 336, [21 Pac. 838], the law is declared to be that "Where a divorce is denied, permanent alimony cannot be granted the wife, under section 136 of the Civil Code, where no facts are either proved or found showing that the wife has a cause for divorce, or that the parties are not living together, or that permanent alimony is needed for her support and maintenance."

In *Volkmar* v. *Volkmar,* 147 Cal. 175, [81 Pac. 413], it was held that "In an action for a divorce brought by the husband, where the application is denied, and the court finds that the parties have lived separate and apart since a certain date and that the wife did not desert her husband, but there was neither averment in the answer nor finding that the husband deserted the wife or was at fault for the separation, the court cannot award a permanent maintenance or permanent alimony to the wife." The judgment there was modified by striking

out the provision in reference to permanent alimony and as thus modified affirmed.

Following that case as a precedent, it is ordered that the judgment herein be and the same is modified by striking therefrom the following provision, viz.: "That plaintiff is entitled to the custody and control of the three minor children, issue of this marriage; and they and each of them are hereby awarded to plaintiff; that defendant pay permanent alimony to plaintiff in the sum of twenty dollars per month, beginning on the first day of July, 1911; that defendant pay to plaintiff on or before July 1, 1911, the sum of seventy-five dollars, as and for counsel fees herein; that the community property or homestead remain as it now is, plaintiff to receive rents and profits until its future disposition by agreement of parties hereto or otherwise," and as so modified the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.