[Civ. No. 1780.  First Appellate District.—December 19, 1917.]

HARRIET F. BROAD, Respondent, v. ALFRED F. BROAD, Appellant.

DIVORCE—DENIAL OF DECREE—MAINTENANCE OF WIFE—POWER OF COURT. Under section 136 of the Civil Code a court may, in an action for divorce, where it is found that the wife is not entitled to a decree and she is living apart from her husband, make a decree that she be supported by him while such separation exists.

ID.—AWARD TO WIFE—DISCRETION NOT ABUSED.—The provisions of section 136 of the Civil Code were properly applied where a divorce was denied to both parties, who each sought a decree on the ground of extreme cruelty, and it was found that they were living apart and that the wife's attitude toward her husband was provoked by his express preferences for other women.

APPEAL from an order of the Superior Court of Marin County providing for maintenance.  Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

A. J. Treat, and W. B. Kollmyer, for Appellant.

O'Gara & De Martini, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in a divorce proceeding requiring the defendant to pay plaintiff monthly a certain sum of money as maintenance in an action in which each of the parties sought a divorce from the other on the ground of extreme cruelty but which was denied both parties.

The sole question presented by the record is whether or not in the exercise of its sound discretion, under section 136 of the Civil Code, a court may, in an action wherein it finds that the wife is not entitled to a divorce, and she is living apart from her husband, make a decree that she be supported by him while such separation exists.

If a husband be guilty of conduct constituting any of the five grounds for divorce enumerated in section 92 of the Civil Code, his wife may institute an action for divorce, and in such action she may be awarded alimony; or, being entitled to a divorce, she may choose not to apply therefor, but may institute an action for permanent support (Civ. Code, sec. 137); or, in a divorce proceeding, although the divorce be denied, the court may provide for the maintenance by the husband of the wife and children of the marriage or any of them (Civ. Code, sec. 136).

Under the language of these sections it appears that in a proceeding for divorce or maintenance the wife, if entitled to a divorce, may be awarded permanent alimony; and, on the other hand, even if a divorce be denied, still in the discretion of the trial court, if sound reason exist therefor, the husband may be compelled to provide for the support of his wife. Conditions may be such as not to entitle the wife to apply for a divorce, and yet the circumstances surrounding her marital life might be such as to render it obviously unjust to deny her all relief. Such, we think, might be the case where the wife was compelled to leave her home because of torment or insult suffered from her husband's relations living with them; or, if the husband had been guilty of all the grounds of divorce described in section 92 of the Civil Code except desertion, and upon a recriminatory plea in defense it was found that the wife had deserted him, and therefore could not be granted a divorce, the court could hardly send her back to live with her husband; and it would seem that under section 136 of the Civil Code, it might compel the husband to provide for her. *Sweasey* v. *Sweasey,* 126 Cal. 123, 128, [58 Pac. 456].)

We need not, however, rely upon imaginary cases for the application of this principle. In the case of *Hagle* v. *Hagle,* 68 Cal. 588, [9 Pac. 842], the court found that while the defendant was not guilty of anything amounting to legal cruelty, nevertheless his conduct as a husband was cold, harsh, and disagreeable, making it unpleasant for the plaintiff to live with him, but that her conduct was not free from blame, and that the marriage was unhappy from the beginning. Upon these facts the court applied the provisions of section 136 of the Civil Code, and held that although a divorce must be denied to the wife, still the husband could be required to provide for her maintenance while she was living separate from him. (See, also, *Volkmar* v. *Volkmar,* 147 Cal. 175, 176, [81 Pac. 413] ; *Anderson* v. *Anderson,* 124 Cal. 51, [71 Am. St. Rep. 17, 56 Pac. 630, 57 Pac. 81].)

In answer to this position defendant's counsel claim that this section of our code is adopted from the law of the state of New York, where it has been held under this section that the wife may be granted alimony only in the event that she is entitled to a decree of separation (*Davis* v. *Davis,* 75 N. Y. 221; *Robinson* v. *Robinson,* 146 App. Div. 533, [131 N. Y. Supp. 261] ; *Waring* v. *Waring,* 100 N. Y. 570, [3 N. E. 289] ; *Palmer* v. *Palmer,* 29 How. Pr. 390; *Douglas* v. *Douglas,* 5 Hun (N. Y.), 143) ; and contend, therefore, that this construction should be given here for the reason that when one of the states of the Union adopts a statute of another state, it is ordinarily adopted in the light of such judicial construction as has there been given to it. (*Estate of Moffitt,* 153 Cal. 361, [20 L. R. A. (N. S.) 207, 95 Pac. 653, 1052].) But an examination of this provision of the law of New York discloses that it was a part of a long section of a statute of that state specifying the particular circumstances under which a decree of separation from bed and board might be granted; and decisions construing this law have held that from a reading of the whole section it was clear that the court could provide for maintenance for the wife when no decree of separation was made only when she was entitled to such a decree and waived her right thereto. It was also held in one of these New York cases that the subsequent re-enactment of that section in several separate and additional sections would not be presumed as intended to enlarge the scope or purpose of the original enactment.

In this state section 137 of the Civil Code gives to the wife the right to maintenance where she has a cause for divorce but waives it; and section 136—which has stood alone since its passage—when construed in relation to section 137 and other cognate sections, seems clearly to contemplate relief in cases where the wife may not be entitled to a decree of divorce. To give the section the construction contended for by the appellant would be to treat it as a useless enactment adding nothing to the body of our law. Such an interpretation will not be given to an enactment of the legislature if it can be reasonably avoided.

In the case at bar it appears that while the wife was not guilty of extreme cruelty, nevertheless her conduct toward her husband had been cold and indifferent, but this attitude toward him was provoked by his express preference for other women and by his very friendly although not immoral relations with them, which conduct caused her great mental distress. It also appears that plaintiff and defendant are living apart, that they are estranged and cannot live together happily or harmoniously, and that it is necessary for the peace of mind and general well-being of each of the parties that they should live apart. The amount of alimony allowed the wife was not unreasonable. The court reserved the right to modify it upon good cause shown. We think the case fairly falls within the aim and purpose of section 136 of our Civil Code, and that the judgment should be affirmed.

It is so ordered.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1918.