# CARBONI, Respondent, *v.* CARBONI, Appellant.

(No. 7,349.)

(Submitted March 7, 1935.   Decided March 18, 1935.)

[43 Pac. (2d) 634.]

*Messrs. Burke & Collins,* for Appellant, submitted a brief; *Mr. T. H. Burke* argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE STEWART delivered the opinion of the court.

Gusty Carboni, plaintiff and respondent, instituted action for divorce against her husband, Dominic Carboni, defendant and appellant. The parties were married in 1902, and reside in Big Horn county, Montana. The complaint contains two causes of action, one based on the ground of wilful neglect, wherein it is alleged that defendant failed to provide plaintiff with the common necessaries of life, having the ability to do so; and the other on the ground of wilful desertion, wherein it is alleged that defendant, by means of threats of bodily harm and failure to provide for plaintiff, compelled her to leave his home to support herself. The allegations of both causes of action are in the usual form. Answer was filed by defendant, denying the essential allegations of the complaint.

The cause was tried by the court without a jury. After hearing the evidence and considering it, the court refused to grant a divorce to plaintiff, but made an order, the essential part of which reads as follows: ''The evidence shows that the defendant is of the age of fifty-four years, and that the plaintiff is of the age of forty-seven years, and that they have been husband and wife since 1902. In their occupations as ranchers, differences have arisen between them which, at this time, make it practically impossible for them to live together, for a time at least. The court refuses to grant the plaintiff a divorce, but finds that the plaintiff is entitled to relief to this extent: That if she wishes to live separate and apart from the defendant, that the defendant shall pay to the plaintiff the sum of $50 within ten days from the date of this order, and the sum of $50 every three months thereafter. Such payments on

the part of the husband to continue for a period of two years. At the end of two years the court, upon application of either party, will make such order as it deems necessary in the premises.''

The defendant appealed from that portion of the order which ■ directs that he pay money for the support and maintenance of plaintiff. The specifications of error are that the court had no jurisdiction to enter the order commanding defendant to pay money for support and maintenance; that it erred in making the order for support and maintenance; and that the order for support and maintenance is not supported by the evidence and is against the law.

Plaintiff was the only witness in her behalf. The defendant testified in his own behalf and produced four witnesses who testified for him. The issue of fact depends upon the evidence of the husband and wife. The parties were married in Wyoming. For a time after their marriage the husband worked in coal mines. Later, the couple took up land in southeastern Montana, and the wife resided thereon and looked after the ranching operations, while the husband continued to work in the mines. At the time of the trial the husband owned 960 acres of land, some of which is farm land and the balance is used for grazing. He owned some livestock and considerable farm machinery. All of this property is in the name of the husband. The evidence discloses that it was accumulated after the marriage of the parties. The plaintiff testified that defendant had repeatedly abused her; that he had threatened to hire somebody to kill her, and had made numerous threats against her; that he refused to support her, although he did allow her to remain at the ranch and eat there, but that he refused to buy her sufficient or adequate clothing. These charges were denied by the husband, who claimed that the marital difficulties were due to the wife rather than to his own actions or conduct. Most of the evidence given by disinterested witnesses was of a negative character, and it is relatively unimportant. The court heard the witnesses testify, and from its findings it is evident that while it did not believe there

was sufficient ground for divorce, nevertheless it did believe that it was impossible for the parties to live together as husband and wife, for the time being, at least; hence the order for what is in effect temporary relief or maintenance.

Defendant contends that because the action was one for divorce, under section 5736, Revised Codes 1921, the court erred in adopting a theory not adopted in the pleading, and in granting relief not demanded by the plaintiff. He argues that, since plaintiff chose to sue for a divorce rather than for separate maintenance, under the provisions of section 5769, Id., she was not entitled to an award for support and maintenance. The force of this argument is lost in view of the fact that the order of the court was not based upon the separate maintenance statute (sec. 5769), but obviously was based upon the provisions of section 5768, which reads as follows: "Though judgment of divorce is denied, the court may, in its discretion, in an action for divorce, provide for the maintenance of the wife and her children, or any of them, by the husband." The provisions of this section are available to a wife in an action for divorce. (See *State ex rel. La Point* v. *District Court,* 69 Mont. 29, 220 Pac. 88.) The section can have no other purpose than to provide for a contingency wherein a divorce is denied, but where the circumstances are such that some provision should be made for the separate maintenance of the wife.

There is a clear distinction between the section providing for an action for separate maintenance on the part of the wife, and the section under consideration. This distinction is pointed out in 1 California Jurisprudence, 1019, wherein the California sections 136 and 137, Civil Code, almost identical to our sections 5768 and 5769, supra, are quite fully discussed. It is there said: "However, effect is given to each of sections 136 and 137 of the Civil Code in the cases to which each of those sections is applicable."

We are of the opinion that the court had the right to invoke the provisions of section 5768, supra, and, if the award made can be sustained and justified under the facts and the evi-

dence in the case, it must stand. Defendant cites several cases wherein it is held that a court has no authority to grant a divorce *a mensa et thoro*, or to compel a husband to support his wife while she is living separate and apart from him against his will and consent, without any statutory ground for an absolute divorce, or any statutory excuse for her absence from his home. He relies upon a number of California cases, particularly *Volkmar* v. *Volkmar*, 147 Cal. 175, 81 Pac. 413, *Hagle* v. *Hagle*, 74 Cal. 608, 16 Pac. 518, *Bensen* v. *Bensen*, 20 Cal. App. 462, 129 Pac. 596, and *Damm* v. *Damm*, 82 Mont. 239, 266 Pac. 410. The principle of law asserted by defendant and supported by the authorities cited is sound, and it would be controlling in his favor here, except for the fact that the court believed, and found, that plaintiff did have reasonable excuse for leaving the home. In the circumstances of this case, the rule is not applicable. In 1 California Jurisprudence, 1021, it is said: "Conditions may be such as not to entitle the wife to apply for a divorce and yet the circumstances surrounding her marital life may render it obviously unjust to deny her all relief. This might be the case where the wife was compelled to leave her home because * * * the husband was cold, harsh and disagreeable, making it unpleasant for the wife to live with him, or that his conduct makes it impossible for her to live with him." (See, also, *Hagle* v. *Hagle*, 68 Cal. 588, 9 Pac. 842; *Sweasey* v. *Sweasey*, 126 Cal. 123, 58 Pac. 456; *Broad* v. *Broad*, 35 Cal. App. 446, 170 Pac. 658.)

The facts in the case of *Hagle* v. *Hagle*, supra, are very similar to those present here. There it was said: "The court found * * * that there was no probability of the parties ever living together as husband and wife; that the wife was growing old, and would soon be incapacitated from making a living by her work; that $25 was a reasonable sum per month to be paid her by the defendant to provide for her maintenance, she having no children. It is argued for the defendant that his wife's allegations against him as a cruel husband being disproved, and her application for a divorce from him

disallowed, she ought not to have maintenance at his hands unless she returns to his home, from which she is now absent through no fault of his. It is our opinion that the section of the Civil Code (No. 136), under which the judgment complained of was rendered, allows in such a case as the one under consideration the exercise of a sound discretion to the trial court. We observe no abuse of that discretion in the matter when before that tribunal, and are therefore satisfied that its judgment should be affirmed.''

It is argued that because divorce *a mensa et thoro,* or from ▇ bed and board, in effect, limited divorce, is not recognized by our law, the action here was illegal. It is true that our statutes do not in terms authorize a partial divorce; still, under section 5768, supra, the effect is almost the same. (9 Cal. Jur. 627; *Sweasey* v. *Sweasey,* supra.)

It is contended here that the court abused its discretion, and ▇▇ it is said: ''That to justify the court in the case at bar in making such an order as has been made, the court should be enabled to find from the evidence facts sufficient to show that the relief granted was proper and necessary and that such should be incorporated in the findings.'' A contention somewhat similar to this was made in a divorce case recently decided by this court, *Nuhn* v. *Nuhn,* 97 Mont. 596, 37 Pac. (2d) 571, 573. That case involved divorce and permanent alimony, but the principle there under consideration is applicable here. There it was contended that findings could not be implied, and that, because no actual findings were made on the question as to the existence of a certain mortgage involved in the husband's assets, no consideration could be given to it. The court said: ''Neither party made any request that the court make any findings on the question of the validity of the indebtedness. * * * In the absence of express findings, or request therefor, every finding necessary to support the judgment of the court will be implied. * * * This court will not reverse the decision of the trial court in an equity case upon questions of fact, unless the evidence strongly preponderates against its findings; and, when the

evidence furnishes grounds for different conclusions, such findings will not be disturbed."

In the instant case it is true that the only finding made was the general one, heretofore quoted, but, as we have indicated, there is evidence in the record to support that finding. The court believed and found that it was impossible for the parties to live together, for a time at least, and that the wife was entitled to a measure of temporary support. Other necessary findings, if there be sufficient basis therefor in the evidence, may be implied. The court undoubtedly took into consideration the fact, shown by the evidence, that all of the property accumulated by the parties was in the name and possession of the defendant; that plaintiff's labor and efforts had aided materially in the accumulation of that property; that she had stayed at home and looked after the ranch operations while defendant worked elsewhere; that she left home because of the actions of the defendant, by reason of threats and of his failure to support her; that the parties were constantly engaged in quarreling; and that plaintiff had no other property or means of support, except such as she was able to earn by her own labor, doing housework, cooking in restaurants and such character of work.

The allowance made by the court was not exorbitant, but was, in fact, very modest. We are of the opinion that the record discloses sufficient evidence to constitute a substantial basis for an implied finding by the court that the plaintiff had reasonable excuse for leaving the family home. Certainly, the evidence does not preponderate against such an implied finding. We do not believe that the order should be disturbed.

There is no merit in the contention that the court in making the order abused the discretion vested in it by section 5768, supra. The order should be, and is, affirmed.

Associate Justices Matthews, Morris and Anderson concur.

Mr. Chief Justice Sands, being absent on account of illness, takes no part in the foregoing decision.