DONEY, Respondent, *v.* ELLISON, Appellant.

(No. 7,585.)

(Submitted January 6, 1937.   Decided January 19, 1937.)

[64 Pac. (2d) 348.]

*Mr. Thomas N. Marlowe,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Edward T. Dussault,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment foreclosing a mechanic's lien for labor and material. The property involved consisted

of a building located on a lot in the city of Missoula and was apparently owned by the defendant Cora Ellison. The owner had given a written power of attorney to one Robert Mercer; the attorney-in-fact, however, was not present and did not participate in the transactions involved in the lien matter. The defendant Sam Mercer, brother of Robert Mercer, was present and on the ground and did participate therein.

There is some conflict in the testimony as to the character of buildings involved; it is apparent that there was actually but one building. The defendants claim that there were two buildings, but the evidence indicates that an addition was made to an old building, and that the original and the addition constituted but one building. One R. B. Lewis was a tenant in the building engaged in the dry-cleaning business. He desired that additional and special electrical installation be made for use in the operation of his dry-cleaning apparatus and machinery.

The plaintiff Doney was an electrical contractor. He testified that he received a telephone call asking him to go to the building. When he arrived he was shown the addition, or the new part of the building, and was advised as to what electrical equipment and wiring were required. Defendant Sam Mercer showed him the premises and explained what was necessary. He made an estimate of the expense on a piece of paper and gave it to Sam Mercer. No written agreement was entered into. Doney claimed, however, that he agreed with Sam Mercer that the work should be done for a stipulated price. The appellant, defendant Cora Ellison, was not present.

Sam Mercer claimed that the agreement for the work was made with Lewis, the tenant, and that Lewis was to pay for the same. The findings of the court were to the effect that Sam Mercer personally, and also as agent of Cora Ellison, entered into the contract. The evidence on this point was conflicting. Mercer and his witnesses testified that the contract was with Lewis, and plaintiff and Lewis testified that it was with Sam Mercer as agent and representative of the

owner of the property. The fact is that the work was done under the direction of Sam Mercer. He was present and to some extent participated in the same.

After the work was completed, there was some negotiation and some controversy over the payment. It was first agreed that an assignment of a part of the rent should be made to Doney to apply on the installation. Apparently the rent was $40 a month before the addition was completed, and $60 thereafter; $40 of the monthly rental were to go to Doney on his contract. That arrangement, however, was never carried into effect. Later there was negotiation looking toward the assignment and transfer to Doney of a mortgage on a car. The payments in that matter were also to apply on the price of the improvements; that, however, was never consummated. In due time plaintiff filed his lien in the usual form. Some question was raised as to the sufficiency of the lien. An examination of the instrument indicates that it was in the ordinary form employed in such matters, and that it was sufficient.

The complaint for the foreclosure of the lien alleged that the contract upon which the lien was bottomed was made with Sam Mercer. The allegations in the complaint proper are rather indefinite, and do not specifically aver the contract with the owner of the property. A copy of the lien, however, was attached to the complaint and made a part thereof. In the lien itself it was stated ''that the labor and material was furnished for the said Cora Ellison at the request of Sam Mercer, said labor and material being placed upon the building herein described. That at the time the work was done and at the time the agreement was entered into the said Sam Mercer was acting as the agent of said Cora Ellison, the record owner of the herein described premises.''

While no assignment of error was made directly as to the sufficiency of the complaint, the matter was argued at length in the briefs. In view of the fact that the exhibit was made a part of the pleading, it is apparent that the complaint, with the lien made a part thereof, was sufficient.

596

(*Springhorn* v. *Dirks*, 72 Mont. 121, 231 Pac. 912; 3 Bancroft's Code Pleading, sec. 1866.)

The cause was tried to the court without a jury. The court found that the plaintiff had done the work and furnished materials pursuant to a contract made with the defendant Sam R. Mercer personally and also as the agent of Cora Ellison, and that the material was furnished and the work done in accordance therewith; that Cora Ellison was the owner of the property; that the lien was filed in due form, and that Bob Mercer, attorney-in-fact, was not connected with the matter; and as a conclusion found that plaintiff was entitled to judgment against Sam R. Mercer and Cora Ellison. The property was ordered sold. Judgment was entered in accordance with the finding. Motion for a new trial was made by both defendants and overruled. Cora Ellison alone perfected an appeal to this court. Sam R. Mercer did not appeal; therefore we have no interest in the judgment against him. The sole question turns upon the liability of the appealing defendant.

Appellant enumerates five specifications of error; they all, however, go to the question of the sufficiency of the evidence to sustain the judgment of foreclosure against Cora Ellison. It seems to us that there are but two questions in the case. The first one involves the point as to who made the contract and was to be bound thereby. Of course, if the tenant Lewis made and entered into the contract and agreed to pay for the work and material, and the plaintiff accepted the contract in that manner, no one else could be bound; but we are confronted with the fact that the court decided that issue upon conflicting testimony. There was ample testimony in the record to justify a finding by the court either way on that question. The rule of this court is well established that a finding made by the trial court on conflicting testimony will not be disturbed. (*Carboni* v. *Carboni,* 99 Mont. 279, 43 Pac. (2d) 634, and cases therein cited.)

The second question turns on agency. No one claimed that ██ ██ the actual owner of the property, Cora Ellison, was present when the contract was made. Neither was it claimed that Robert Mercer, her attorney-in-fact, was present or participated in the transaction. Apparently he was out of the state, and the record indicates that his brother, the defendant Sam R. Mercer, was looking after the property either at his request and for him, or at the request of the owner herself. In any event, Sam was present when the contract was made, and the court found that he was the one who entered into the contract for himself and for the owner of the property. As we have indicated, he did not himself appeal; so it is unnecessary to discuss the question of his personal responsibility under the judgment.

The real question in the case, as we view it, involves ostensible agency. Our statute, section 7933, Revised Codes, provides: ''An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him.'' Section 7945, Id., provides: ''An agent has such authority as the principal actually or ostensibly confers upon him.'' This court, in the case of *Eastman Kodak Co.* v. *Sibley,* 72 Mont. 338, 233 Pac. 613, 615, discussed this matter in the following language: ''Section 7945, Revised Codes 1921, provides that an agent has such authority as the principal actually or ostensibly confers upon him. The inspiration of the law as written in section 7947 was to protect innocent people against situations such as are presented here: 'Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess.' ''

The record shows that the rent upon the building was paid to Sam Mercer. Rental checks were introduced in evidence made out to Cora Ellison. These checks were cashed with an indorsement of ''Carrie E. Ellison and S. R. Mercer.'' These checks carried a notation that they were for rent; some of

them were for $40 and some for $60. The record seems to disclose that after the completion of the addition to the building, the rent was raised to $60. In some instances Sam Mercer apparently signed Bob Mercer's name. Sam Mercer, however, denied some of the indorsements, but admitted his signature. The court did not think it necessary to introduce all of the rental checks, but did allow the introduction of several of them. The only reasonable deduction that can be made from the circumstances as disclosed in the evidence is that Bob Mercer was the actual attorney-in-fact for the owner of the property, but that during his absence his brother, Sam Mercer, one of the defendants in the action, did act as the agent. He rented the place to Lewis. Apparently both of them assumed the authority to collect the rent from the property and to direct matters in relation thereto. Sam Mercer claimed that he was the foreman on the job of wiring the building; there is, however, nothing in the record to show that he was employed by the plaintiff or that he received any compensation from plaintiff for such services. The theory of the transaction affecting the matter comes within the rule of law announced in *Commercial Credit Co.* v. *Blair,* 84 Mont. 314, 275 Pac, 748, as bearing upon the scope and nature of the agency. (See, also, 3 Elliott on Evidence, secs. 1633, 1634.)

While there was no definite and positive testimony adduced to show that Sam Mercer was the duly authorized agent of the owner of the property, it is obvious from the whole record that he was acting at least as an ostensible agent.

In the case of *Gilmore* v. *Ostronich,* 48 Mont. 305, 137 Pac. 378, 379, it was said: "The solution of any issue in a civil case may rest entirely upon circumstantial evidence. * * * All that is required is that the evidence shall produce moral certainty in an unprejudiced mind. * * * In other words, when it furnishes support for the plaintiff's theory of the case, and thus tends to exclude any other theory, it is sufficient to sustain a verdict or decision." (Citing authorities.) This rule has consistently been followed by this

court. (See *Exchange State Bank of Glendive* v. *Occident Elevator Co.*, 95 Mont. 78, 24 Pac. (2d) 126, 90 A. L. R. 740; *Moffett* v. *Bozeman Canning Co.*, 95 Mont. 347, 26 Pac. (2d) 973; *Birdwell* v. *Three Forks Portland Cement Co.*, 98 Mont. 483, 40 Pac. (2d) 43. There is no doubt that agency may be proved by circumstantial evidence. That matter has been settled by the authorities everywhere. (3 Elliott on Evidence, sec. 1635; *Mounts* v. *Boardman Co.*, 79 Okl. 90, 191 Pac. 362; *R. V. Smith Supply Co.* v. *Stephens*, 169 Okl. 555, 37 Pac. (2d) 926.)

A careful study of the record in this case inevitably leads to the conclusion that all circumstances point absolutely to the fact that Sam Mercer was at least the ostensible agent of the owner of the property. Therefore the findings of the court in that respect were not without support in the record.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON, MORRIS and ANGSTMAN concur.